## POWERS v. STROUT.

67 341
93 480

1. **Contract:** SALE OF PHYSICIAN'S GOOD WILL: BREACH: EVIDENCE. Plaintiff, a physician, as a part of the consideration which induced defendant to purchase certain property, agreed to relinquish to him his practice of medicine and surgery in P. and surrounding country for three years, reserving only the right to practice in special cases, emergencies and consultations. *Held* that the evidence did not show a breach of such agreement,—the practice of which defendant complains being fairly covered by the reservation.

*Appeal from Butler District Court.*

FRIDAY, OCTOBER 23.

THIS is an action for the foreclosure of a mortgage upon certain real estate. It appears that the mortgage was given in part to secure the purchase money of the mortgaged property, which consisted of certain town lots, upon which there was a dwelling-house, barn and office. Both parties are physicians. As part of the consideration for said property the plaintiff undertook to transfer his medical practice to the defendant. The parties entered into a written contract in which the plaintiff bound himself to abstain from the general practice of medicine in Parkersburg (the place where the property was situated) and in the surrounding country for three years. The defendant claims that the plaintiff violated this contract, and he seeks to set off against the mortgage damages provided for in the contract in the event of a failure upon the part of plaintiff to observe its

stipulations. There was a trial to the court, and a decree for the plaintiff. Defendant appeals.

*J. H. Scales* and *Gibson & Dawson*, for appellant.

*H. C. Hemenway* and *Powers & Lacy*, for appellee.

ROTHROCK, J.—That part of the written contract which is material to the determination of the case is as follows:

"And the said M. I. Powers hereby agrees, in consideration of the above specified sum of three thousand dollars, to sell and convey to the said A. O. Strout the above described lots, numbered two and three, and to execute to said A. O. Strout a good and sufficient warranty deed therefor, together with all the appurtenances thereto belonging, and to relinquish and give up to said A. O. Strout his general practice of medicine and surgery in Parkersburg, Butler county, and the surrounding country, for the period of three years from the date hereof, reserving only the right to practice in special cases, emergencies and in consultations."

The plaintiff, upon giving the defendant possession of the property, removed to his farm, some three miles from the village. He ceased to keep an office, and we think the evidence does not show that he violated his contract. It is claimed by plaintiff that after the contract was executed it was orally agreed between the parties that he should not practice to exceed what would make an income of $1,000 a year. The defendant insists that such a modification of the contract would be void, as being without consideration. We need not determine this question, because we think the evidence does not show a violation of the contract as it was written. It is true, the plaintiff attended some cases after the commencement of the three years. But he was not entirely precluded from practice by the contract. What is meant by practicing in "special cases" is not defined in the contract. It does not mean special diseases, because the plaintiff was not a specialist in his profession. It is exceedingly difficult

to attach any precise meaning to the term. The proof shows that the plaintiff had been practicing his profession at Parkersburg for a number of years, and the defendant was a stranger in that neighborhood. There were one or more cases of obstetrics which occurred soon after the contract was made. The plaintiff had been employed to attend the cases before he sold out to the defendant. There were also some cases of chronic diseases which plaintiff had been attending, and he had some relatives in the neighborhood to whom he afterwards gave medical treatment, and a few other cases. We think it is fair to assume that the parties, by using the term "special cases," meant such cases as these. In other words, they intended that the plaintiff should attend such cases as afforded special reasons for calling upon him rather than another physician. The evidence does not show that plaintiff acted in bad faith. On the contrary, so far as is shown from the evidence, he endeavored to introduce the defendant to his practice, and whenever called upon for his services he recommended patients to apply to the defendant. In our opinion there is no evidence to authorize any damages nor to enforce the forfeiture provided for in the contract.

AFFIRMED.