## J. E. COLE v. T. M. EDWARDS, Appellant.

**Injunction:** SALE OF PRACTICE. A contract by a physician "Received of C. $262 for my share of office fixtures and proceeds of practice for month of March, and good will of business in town of W. and agree not to practice therein," is sufficiently definite to be enforced by injunction; no question being made as to the form of action.

PUBLIC POLICY. Such a contract is not against public policy.

CONSTRUCTION. Where it is the understanding of the parties that defendant should not practice medicine in W. or vicinity, defendant's chief practice having been in the surrounding country, an agreement not to practice will be construed to mean W. and surrounding country.

**Practice on Appeal.** On affirmance of a judgment enjoining a physician from practice in a certain place, no judgment will be entered on the supersedeas bond, and it will be left to the court below to ascertain appellee's damages.

*Appeal from Harrison District Court.*—HON. A. VAN WAGENEN, Judge.

THURSDAY, JANUARY 24, 1895.

Action in equity to restrain the defendant from practicing medicine in the town of Woodbine or vicinity. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*Roadifer & Arthur* for appellant.

*S. H. Cochran* for appellee.

Kinne J.—I. Plaintiff, a physician of some three years of experience, brings this action in equity to

obtain an injunction restraining the defendant from practicing medicine at Woodbine and vicinity. Woodbine is a town of eight hundred inhabitants. The best-paying part of the practice of a physician located in that town is in the country, outside of the town proper. Plaintiff and defendant had for several years been copartners in the practice of medicine at Woodbine and the surrounding country. Defendant was an old practitioner and resident of the town. In the spring of 1892 defendant concluded to leave Woodbine, and enter upon the practice at Omaha, Neb. He proposed to sell to the plaintiff, who was then his partner, his interest in the business, his practice, the good will of the business, and certain articles of property. Plaintiff says that defendant agreed both orally and in writing that if plaintiff would pay defendant a certain sum of money, which was thereafter paid, that he (the defendant) would not only sell plaintiff his (defendant's) business, and the good will of the same, but agreed that he would not thereafter practice medicine at Woodbine, Iowa. Defendant, in his pleading and evidence, admits the sale of his interest in the office fixtures and certain accounts, and that he sold the good will of the business to plaintiff, but denies that he ever agreed not to practice medicine in Woodbine, and denies ever signing such a contract as that hereafter set forth. The case was tried to the court, and a decree entered for plaintiff enjoining defendant from practicing medicine in Woodbine, or within five miles thereof.

II. It should be said that no question is made on this appeal as to the form of the action. Plaintiff introduced in evidence a paper which he claimed to be a copy of a receipt and contract signed by the defendant

at the time he (plaintiff) purchased defendant's interest in the business, viz.: "Woodbine, Iowa, April 1, 1892. Received of E. J. Cole two hundred and sixty-two dollars, for my share of office fixtures, and proceeds of practice for month of March, 1892, and good will of business in town of Woodbine, and agree not to practice therein.   T. M. Edwards." The loss or absence of the original paper was properly accounted for prior to the admission of this paper in evidence.   Defendant's contention is:   First, that, when he signed said paper, the words, "and agree not to practice therein" were not in it; second, that he never made any such agreement; third, that the contract with said clause in it is so indefinite that it cannot be enforced; and, fourth, that, if such contract be found to have been made and to be enforceable, then it cannot be held to include any territory except that within the limits of the incorporated town of Woodbine.   We think the evidence very satisfactorily shows that defendant signed the paper as it now appears, and containing the clause agreeing not to practice.   Nor is the contract so indefinite as to be invalid or incapable of being enforced.   We also find from the record that the statements and acts of the defendant outside of the writing and subsequent to its execution, as well as a letter written by him, show clearly that he construed the contract to mean just what the plaintiff claims,—that defendant was bound thereafter to refrain from practicing medicine in Woodbine or vicinity.   This construction is not only in accord with that put upon the instrument by the parties, but it is the reasonable one in view of their situation.   It appears without conflict that the practice in the town was of little value; that the defendant was a well-known and able practitioner of his profession in the country tributary to the town of Woodbine, and in the enjoyment of a lucrative

business therein; that defendant intended, when he left Woodbine, to do so for good; that he had no thought of returning thereto until about a year had elapsed, and then his idea seems to have been that, by buying out another physician's business, he would not be injuring plaintiff. All through his dealings with and conduct towards plaintiff, until he actually returned to Woodbine, there appears to be a recognition of his obligation not to again practice in that place.

It is contended that the contract is against public policy, and ought not to be enforced. The question as to the validity of a contract whereby one agrees, for a consideration, to thereafter refrain from prosecuting a business in a certain locality, is no longer an open one in this state. Such contracts are valid. *Hedge v. Lowe,* 47 Iowa, 137; *Smalley v. Greene,* 52 Iowa, 241, 3 N. W. Rep. 78; *Haldeman v. Simonton,* 55 Iowa, 144, 7 N. W. Rep. 493; *Powers v. Strout,* 67 Iowa, 341, 25 N. W. Rep. 273. As this question has been so fully considered in these cases, it needs no further discussion.

III. We have already indicated that we think this contract, by its terms, prohibited the defendant from practicing, not only in Woodbine, but also in the territory adjacent thereto. The good will which was sold embraced that which pertained to the defendant's practice both in and around Woodbine. To hold otherwise would be to put a construction upon the contract more favorable to the defendant than his own acts show that he himself had placed upon it. Manifestly, the defendant was not selling the good will of his practice in Woodbine alone, but likewise the good will of his entire business in that community. The defendant did return to Woodbine, and began practice. The decree of the District Court, therefore, was in all respects correct.

We are asked in argument to enter a judgment upon the supersedeas bond for the full amount thereof, —one thousand five hundred dollars. This we cannot do. We do not know to what extent the defendant has practiced pending this appeal, and have no evidence before us from which we could determine the damage of the plaintiff therefrom. Plaintiff has his remedy in the court below by proper proceedings for the assessment of his damages. —*Affirmed.*