Bishop, J.
The contract writing upon which the suit ■ is based bears date November 21, 1900, and was entered into between the plaintiff company and the defendant Turner & Son, the latter a partnership composed of T. J. Turner and O. A. Turner. The substance of the provisions of such contract is that thereby Turner & Son agree to sell their stock of lumber, implements, etc., situated in the town of Moravia, Iowa, to the plaintiff company, and a basis for the ascertainment of the value of such property is provided for. The plaintiff company agrees to rent of Turner & Son the building and grounds upon which the property is situated — described as “ their plant ” — for one year, and with the privilege of five years, and to pay rent therefor at the rate of $30 a month payable at the end of each month. This provision then follows: “ In consideration of the party of the second part buying the above stock the party of the first part, Turner & Son, agrees not to re-enter the lumber business, directly or indirectly, in this place during the time that the said second party owns the said business or uses said plant.” It is alleged in the petition that since the making of said contract, and in violation of the provisions thereof, the said T. J. Turner and O. A. Turner have engaged in general lumber business in the town of Moravia, and are conducting such business as part *9 ners under the name and style of Turner Lumber Company. Tbe said T. J. Turner and C. A. Turner and tbe Turner Lumber Company are made parties defendant, and it is to restrain the further conduct of said business by them, and to recover damages for the breach of .said contract, that this action was brought.
The defendants admit the making of the contract alleged by plaintiffs, and set up substantially three matters of defense: (1) That the provision of the contract upon which plaintiff’s action is based was without consideration and for that reason void; (2) that defendants were released from all obligations under said contract by failure to pay rent as stipulated to be paid for the plant; (.3) that, in fact, the said firm of Turner & Son has not in any way re-engaged in the lumber business in said town; that in any event the contract was made only with the firm of Turner & Son, and the individual members of said firm are not bound thereby. The first two grounds of defense as thus stated are without merit, and, in view of our conclusion with respect to the third ground of defense, we need not give further attention thereto. Defendants do not deny but that a contract not to re-engage in business in a certain locality, if reasonable in its provisions and based upon sufficient consideration, is valid, and may be enforced. And this is in accord with the general tenor of the cases. Cole v. Edwards, 93 Iowa, 477; Swigert v. Tilden, 121 Iowa, 650.
Accordingly, we have to determine' as the only question in the case whether the contract was, in fact, violated by the defendant firm Turner & Son, or, if that be material, by the individual members of said firm. It appears that some time in .the year 1902 the defendant T. J. Turner on !his own account contracted to and did sell to one Barnes a car load of lumber. This was done by said Turner sending an order to a wholesale firm in St. Louis, in response to which the lumber was shipped direct to Barnes, at Albia, a town eleven miles distant from Moravia. It also appears *10 that during the said year C. A. Turner contracted to sell to two or three different persons lumber in car load lots, and in each instance the lumber was shipped from St. Louis direct to the purchaser; they residing at or near towns other than Moravia and • several miles distant therefrom. Be* specting these sales, should it be conceded that the individual members of the firm of Turner & Son were bound by the contract with plaintiff, and, further, that sales in character such as were made came within the intention of the contract still it must be said, in view of the record, that the plaintiff was not entitled to a decree in its favor. Clearly enough an injunction could not be made applicable to such a state of facts, and, as related to the question of damages, we find no competent evidence that plaintiff suffered any loss by reason of the making of such sales.
In respect of the Turner Lumber Company and the business transacted under that name, it appears that in the year 1904 a partnership was formed between II. S. Turner and C. F. Turner, brothers of T. J. Turner, for the purpose of carrying on a lumber business at Moravia. T. J. Turner and O. A. Turner each declare in positive terms that they had no proprietary or financial interest in the business thereafter conducted by said Lumber Company. So, too, II. S. Turner and C. F. Turner each declare in equally positive terms that they were the sole partners in the company and alone financially interested therein, and that neither T. J. Turner or C. A. Turner had any connection with the business save as employes. From a reading of the record, it must be confessed that the matter of the organization of the company, and the conduct of the business by it, is not wholly free from suspicion. But the court below, with the witnesses in person before it, reached the conclusion that the partnership was bona fide, and with such conclusion we are not disposed to disagree.
We do not consider what might be the liability under the contract of the defendants T. J. Turner and O. A. Turner *11 as individuals growing out of their connection with, the business of the lumber company as employés, for the reason that no such case was presented to the court below by the pleadings and no such question is argued in this court. The sole claim of appellant for liability is predicated upon the contention that the lumber company is but another name for Turner & Son.
We reach the conclusion that there was no error in the decree, and it is affirmed.