## MOOREHEAD v. HYDE AND BRADEN.

1. **Parties:** PARTY IN INTEREST: ACTION: COUNTER-CLAIM.  Where a note was given by two parties for the purchase of a stock of goods, the vendor agreeing not to engage in the same business in the same town, which purchase was made by one of the parties for the benefit of a third person who engaged with the other in the prosecution of the business, the makers of the note in an action upon it can maintain, under Section 2758 of the Revision, a counter-claim for a breach of the agreement not to resume business.

2. **Sale:** GOOD WILL: BREACH OF CONTRACT.  The good will of a trade or business may be the subject of bargain and sale, when connected with some valuable secret of trade, with any specific stock in trade, or with a well established stand for business, as a court of equity would, decree specific performance of such a contract so a court of law will redress a breach of it.

3. ———: ———: MEASURE OF DAMAGES. The measure of damages for the breach of such a contract is the difference between the value of the business after the breach and what it would have been, if the contract had been performed in good faith.

4. ———: INSTRUCTIONS: NOT SUPPORTED BY EVIDENCE. Instructions assuming the existence of facts not in proof are erroneous.

*Appeal from Mahaska District Court.*

TUESDAY, JUNE 9.

This suit is brought on a promissory note, executed by Thomas W. Hyde and R. Braden to the plaintiff.

The defendants answer: *First*—admitting the making of the note, that it is due and unpaid, and that plaintiff is entitled to judgment for the amount due thereon, unless defendants can defeat the same by their counter-claims and cross-demands. *Second*—It is alleged that the consideration of the note was for a part of the purchase price of a stock of millinery goods sold by plaintiff to Hyde & Braden, together with the good will of plaintiff's business; that it was agreed by and between the parties to the sale of said stock that the plaintiff was not again to go into the millinery business in Oskaloosa, and that he violated that agreement, whereby the defendants have sustained damages. It is alleged in the answer that the plaintiff made false and fraudulent statements in regard to the value of the goods purchased by defendants from the plaintiff, etc.; but these charges of fraud were abandoned on the trial.

The cause was tried to a jury, who rendered a general verdict for the defendants for $241.42, and also a special verdict. From the judgment on the verdict the plaintiff appeals. The further facts of the case appear in the opinion.

*Lafferty & Johnson, Seevers & Cutts*, for appellant.

*Crokham & Gleason* and *John F. Lacey*, for appellees.

MILLER, CH. J.—I. The substance of the claim set up by the defendants is that they purchased of the plaintiff a portion of his stock of millinery goods together, with certain furniture, and the good will of the business; that the plaintiff agreed at

the time of such purchase that he would not resume the same

**1. PARTIES:
party in in-
terest: ac-
tion.** business in the city of Oskaloosa, where he had been doing business for several years, and that he violated this agreement to the damage of defendants. It is further shown by the answer, and supported by the proof, that the purchase was made by the defendants, Thomas W. Hyde and R. Braden, for and on behalf of said Hyde and B. C. Braden, who was a son of R. Braden; that the business was, subsequently to the purchase, carried on by said Hyde and B. C. Braden.

Appellant insists that the defendants, Thomas W. Hyde and R. Braden, cannot maintain this claim for damages alleged to be sustained by said Hyde and B. C. Braden. It is claimed that R. Braden has an interest in the claim, and that since all actions must be prosecuted in the name of the real party in interest, there is a misjoinder of parties defendant. While this is the general rule of our statute as to parties, (See Revision, § 2757), yet the exceptions thereto are clearly provided for. Section 2758 of the Revision provides that "a party with whom, or in whose name a contract is made for the benefit of another" * * "may sue in his own name without joining with him the party for whose benefit the suit is prosecuted." Now it is clearly shown that Hyde and R. Braden, the makers of the note, made the contract of purchase with the plaintiff in their own names, and for the benefit of Hyde and B. C. Braden, thus bringing the case within the provisions of this section of the statute. The claim set up is in the nature of an action for a breach of the contract made by the makers of the note with the plaintiff, and although R. Braden did not contract for his own benefit, yet he contracted in his own name for the benefit of another. The contract was made with him, in his own name for the benefit of his son, B. C. Braden. That the defendant, R. Braden, has died since the commencement of the action, does not change the rights of the parties in this respect. His personal representative has been substituted for him. If the counter-claim was properly maintainable in the name of the defendants, the death of one of them will work no abatement of the prosecution thereof. The

same may be continued in favor of the personal representative. (See Laws of 1862, § 4, Ch. 174.

II. The good will of a trade or business may be the subject of bargain and sale when connected with any specific 2. SALE: good stock in trade, or with some valuable secret of will: breach of contract. trade, or with a well established stand for business. A court of equity will decree specific performance of a contract for the sale of the good will of a trade or business. See *Bryson v. Whitehead*, 1 Simons & Stuart, 74; *Coslake v. Till*, 1 Russell, 378; *Baxter v. Connelly*, 1 Jacob & Walker, 576; *Bell v. Locke*, 8 Paige's Ch., 75; *Houston v. Cin. & Ft. Wayne R. R. Co.*, 16 Ind., 275.

If equity will decree specific performance in a proper case, the law will give damages to the party injured by a breach of such contract. Equity interposes to prevent the injury before it happens; the law compensates therefor after it has occurred.

In the case before us the claim of the defendants is that they purchased the good will of the plaintiff's business in connection with a portion of his stock in trade and business stand, thus bringing the case within the rule above stated, in which the defendants are entitled to redress for a breach of the contract.

III. The court gave to the jury the following instructions, among others:

"5. If you find the defendants entitled to damages, you will settle the amount upon the following basis: Estimate as nearly as you can in the light of the evidence, the difference between what the trade of the firm of Hyde & Braden was actually worth during the time they were in business, and what it would probably have been worth to them if the plaintiff had strictly complied with his contract in good faith in every respect, and consider the difference in damages.

6. And this will be the only damage, unless you find from the evidence, that the wrongful acts of the plaintiff in the violation of his contract, had the effect to require of said firm that they quit business, and they did so at a sacrifice. If the evidence clearly shows that such was the case, and you can

from the evidence, make a reasonable estimate what such sacrifice was, you can also add that to the other damages."

The first of the above instructions states the rule of damages correctly. If the plaintiff contracted with defendants that he would not resume the millinery business again in Oskaloosa, and did so while the defendants were engaged in that business, they are entitled to recover to the extent that the plaintiff by resuming business has injured the business of the defendants. If the plaintiff has injured the business of the defendants, by engaging again in business, they are entitled to be compensated for that injury. This is what the instruction directs the jury to allow.

**3. ——:——: measure of damages.**

IV. In respect to the sixth instruction we are clear that it should not have been given. After a very careful examination of the evidence, we fail to find anything therein tending in any degree to establish the fact upon which this instruction is based, namely: that the wrongful acts of the plaintiff in the violation of his contract had the effect to require the defendants to quit business at a sacrifice. There is evidence that they sold out and quit business, but there is none that they did so at a sacrifice. The instruction assumes to the jury that there was such evidence, the sufficiency of which is left for them to pass upon. There being no such evidence whatever, the giving of the instruction was erroneous to the plaintiff's prejudice.

We find no other error in the record. For that above noticed the judgment is

REVERSED.