HEDGE, ELLIOTT & Co. v. LOWE.

1. **Contract:** RESTRAINT OF TRADE. While contracts in general restraint of trade are void, yet those which are simply in restraint of it as to particular persons or places, or for a limited time, if founded upon a good and valuable consideration, are valid.

2. ———: ———: ASSIGNMENT. The beneficial interest in such a contract may be assigned with the business in aid of which the contract was entered into by the parties thereto.

*Appeal from Madison Circuit Court.*

SATURDAY, OCTOBER 20.

THE petition in substance alleges that on the first day of February, 1875, the defendant was engaged in carrying on business in Winterset, Iowa, as a dealer in agricultural implements; that prior to February 1, 1875, William Hedge and one N. T. Vorse, as partners, negotiated with defendant for the purchase of the said implement business, which was consummated Feb. 1, 1875, by N. T. Vorse, and the purchase of said business completed for himself and William Hedge as partners; that as a part of said transaction defendant executed an instrument, dated February 1, 1875, as follows: "For and in the consideration of one note of five thousand and twenty-six and 20-100 dollars, and one note of one hundred and fifty-two and 40-100 dollars, due in thirty and ninety days, and check for two hundred dollars, and cash in hand paid by N. T. Vorse, of Des

Moines, Iowa, I hereby sell to N. T. Vorse all my right, title, and interest in my implement establishment, as shown by inventory this day taken, and in consideration aforesaid I hereby agree not to engage in the implement business in Winterset, or vicinity, within five years from date, either as principal or agent, without the consent of N. T. Vorse;" that at the time of the execution of said instrument it was known to defendant that William Hedge was a partner with N. T. Vorse; that on the 1st day of February, 1875, said N. T. Vorse, in writing, assigned to William Hedge a one-half interest in said contract; that the whole of the consideration was paid to said defendant, William Hedge paying one-half, and the business was carried on by Vorse & Hedge as partners until September 14, 1876, when N. T. Vorse sold his undivided half of said business to Elliott & Sibley, including the rights secured by said instrument, and in writing assigned his interest therein to Elliott & Sibley; that William Hedge and Elliott & Sibley have since the last date carried on said business under the firm name of Hedge, Elliott & Co.; that in December, 1876, the defendant, regardless of his agreement, without the consent of N. T. Vorse, or plaintiffs, resumed business as a dealer in agricultural implements, next door to the plaintiffs. The plaintiffs pray a writ of injunction to restrain the defendant from carrying on said business. The defendant answered as follows: "Defendant admits that he was in business in Winterset, in January, 1875. Denies negotiating the sale of his implement business with William Hedge. Says the negotiation and sale were between defendant and N. T. Vorse alone, but that William Hedge knew the terms and conditions of the sale. The agreement not to engage in business was no part of the sale, and was not considered by either party while the negotiations were in progress, nor until after the sale was completed and the property all turned over to N. T. Vorse, but said agreement was an afterthought and without consideration. Defendant had no knowledge that Hedge was partner of Vorse at time of sale.    *    *    *    *    N. T. Vorse paid defendant for said business.    *    *    *    *    Defendant admits resuming business, December, 1876, but not in the

same line of implements sold by the plaintiffs, defendant not handling any of the implements of the same style and make as those sold by plaintiffs. Defendant also filed a cross-petition alleging that "there was no contract, oral or in writing, at the time of the sale of said business and stock, binding defendant to keep out of business, nor was it understood that any such agreement should be made. After the completion of the sale, as a mere gratuity, and without any consideration, he agreed, for the benefit of N. T. Vorse alone, in an unassignable contract, to remain out of business. Said N. T. Vorse is not now engaged in business in Winterset, and it is not against the interest of said Vorse for defendant to resume business in Winterset. Plaintiffs have wrongfully taken an assignment of said agreement, and are making use of the same to the injury of defendant. Wherefor he prays for the cancellation of the same." The plaintiffs denied the allegations of the cross-petition. On the 30th day of April, 1877, pursuant to motion of plaintiffs, a temporary injunction was ordered by the judge of the Circuit Court, and on the 4th of May the bond was filed, and the writ was issued. The defendant appeals.

*V. Wainwright*, for appellant.

*Ruby & Wilkin*, for appellee.

DAY, CH. J.—Upon the application for a temporary injunction evidence was introduced establishing the following facts: Prior to the purchase from Lowe, Hedge and Vorse were negotiating for the formation of a partnership in the agricultural implement business in Winterset. It does not very clearly appear whether or not the partnership was fully consummated between Hedge and Vorse before the purchase from Lowe, but Hedge was aware of the terms of the negotiation which was conducted by Vorse. On the first day of February, 1875, an inventory of the stock was taken, the notes and checks were drawn and the money paid for the goods, and the written contract set out in the petition was executed. When Vorse commenced business with the stock purchased, Hedge engaged in business with him as a partner. Vorse and Hedge con-

tinued in business as partners until September 14, 1876, when Vorse sold his undivided half of the business to Elliott & Sibley. The sale to Elliott & Sibley included Vorse's interest in the written agreement aforesaid. After Vorse went out of business Lowe resumed business. Some time after the sale to Elliott & Sibley, and after the latter part of November, 1876, Vorse assigned one-half interest in the contract to Hedge, and one-half interest therein to Elliott & Sibley.

I. The evidence tends to show that some time in January, 1875, a written agreement between Lowe and Vorse was executed, respecting the purchase of the stock of implements, which contained no stipulation that Lowe should remain out of business. It is claimed by appellant that at this time the agreement was fully consummated, and that the subsequent agreement of Lowe to remain out of business is without consideration. We think, however, that the evidence shows that the contract was consummated February first, when the inventory was made and the stock was paid for. The agreement is supported by a sufficient consideration.

II. It is claimed by appellant that the agreement is unreasonable and cannot be enforced. Contracts in general restraint of trade are void. But those which are in restraint of it as to particular persons or places, or for a limited time, if founded upon a good and valuable consideration, are valid. 1 Story's Equity Jurisprudence, Sec. 292; 1 Addison on Contracts, Sec. 272, and cases cited; Id., Sec, 503; *Mitchell v. Reynolds*, 1 P. Williams, 181. In *Hubbard v. Miller*, 27 Michigan, 15 (19), it is said: "If, considered with reference to the situation, business and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid. See, also, *Guevand v. Dandelet*, 32 Md., 562; *Beal v. Chase*, 31 Michigan, 490; *Ewing v. Johnson*, 34 Howard Pr. R., 202; *Pierce v. Woodward*, 6 Pick., 206. These authorities fully

*1. CONTRACT: restraint of trade.*

sustain the validity and the reasonableness of the agreement sued on.

III.   It is urged by appellant that the contract is a personal one and that it cannot be assigned.   If the agreement not to

2. ——: ——:   engage in the agricultural implement business was
assignment.   of sufficient value to constitute in part an induce-
ment to Vorse to purchase, it must be admitted that it might be equally valuable to a vendee of Vorse.   If Vorse, because of this agreement, was induced to purchase, no good reason can be given why Vorse should not be able to avail himself of this agreement as a means of effecting a sale.   The question here is not whether this agreement may be the subject of transfer in the abstract, but whether it may be transferred with the business to which it originally pertained.   The following cases sustain the assignability of such agreements.   *California Steam Navigation Co. v. Wright*, 6 Cal., 258; S. C., 8 Cal., 585; *Guevand v. Dandelet*, 32 Md., 562 (569).   In *Pemberton v. Vaughan*, 59 English Common Law Rep., it is said: "There is no case which decides that an agreement in restraint of trade is illegal because it is for life.   It does not follow that the plaintiff will not require the protection of the agreement because he may not himself continue the business; he may sell the business, and sell it on better terms on account of the protection secured to it by such agreement."   It is claimed, however, that the assignment was not made until long after Vorse sold his interest in the business.   The written assignment, it is true, was not made until after the sale; but there can be no doubt from the evidence that Hedge acquired an interest in this agreement when he became a partner of Vorse; and it further appears that Vorse in fact sold his remaining interest in the agreement when he sold to Elliott and Sibley.   There was no error in granting the temporary injunction.

AFFIRMED.