## HALDEMAN v. SIMONTON.

1. **Contract**: SALE OF MEDICAL PRACTICE: AGREEMENT NOT TO RE-LOCATE IN SAME TOWN. Where by a written contract the defendant, a physician, sold his medical practice to the plaintiff and agreed not to "re-settle" in the same town, it was held that he was bound thereby not to again take up his residence in such town for the practice of his profession, but that he might practice in that locality while residing elsewhere.

*Appeal from Polk Circuit Court.*

SATURDAY, DECEMBER 11.

ACTION IN EQUITY, the object of which is to restrain the defendant from practicing as a physician and surgeon in the town of Mitchellville and its vicinity. There was judgment for the plaintiff, and defendant appeals.

*Barcroft, Given & McCaughan*, for appellant.

*Brown & Dudley*, for appellee.

SEEVERS, J.—This action is based upon the following contract:

"OFFICE OF A. C. SIMONTON,
"*Physician and Surgeon*,
"MITCHELLVILLE, Ia., Aug. 23, 1878.

"Articles of agreement made this 23d day of August, 1878, between Dr. Simonton of Mitchellville, of the one part, and Dr. Haldeman of the other part.

"The said Dr. Simonton doth hereby agree with the said Dr. Haldeman to sell him the lots fourteen, fifteen and six-teen, of Block 1, corner of Center and Third streets, Mitchellville, Iowa, with his medical practice, for the sum of twenty-five hundred dollars; and that he will, on the 1st day of September next, on receiving from Dr. Haldeman the said

1. CONTRACT:
sale of medi-
cal practice:
agreement
not to re-lo-
cate in same
town.

sum, at his own cost and expense, execute a proper deed for conveyancing of the premises to the said Dr. Haldeman, free from all encumbrances, which conveyance shall contain a general warranty, and the usual full covenants, and the said Dr. Haldeman agrees with the said Dr. Simonton that the said Dr. Haldeman will on the first day of September next, and on the execution of such* conveyance, pay the said Dr. Simonton the sum of twenty-five hundred dollars afore-said; and it is further agreed between the parties aforesaid that the said Dr. Simonton will give the said Dr. Haldeman full possession of his medical practice the first of September next, and promises not to re-settle in Mitchellville as long as the said Dr. Haldeman is located there.

"And it is further agreed between the parties aforesaid that the said Dr. Simonton shall retain possession of the property until the 21st day of September next, except the use of two rooms, which he will give to the use of the said Dr. Haldeman from the present day and year aforesaid.

" In witness whereof, the parties have hereunto set their hand the day and year aforesaid."

It will be observed the defendant sold the plaintiff certain real estate " with his medical practice," * * * and agreed to give the plaintiff " full possession of his medical practice," and " promises not to re-settle in Mitchellville as long as the said Dr. Haldeman is located there."

Fairly construing the contract, we think it means the defendant sold his medical practice; and in consideration of the price paid therefor, and for the real estate, agreed he would not re-settle in said town and engage in the practice of his profession.

The contract should not be construed as prohibiting the defendant from remaining or re-settling in Mitchellville if he did not engage in the practice of his profession. The latter was the valuable thing the defendant agreed he would not do while he was in said town.

The evidence is clear and undisputed that he did return to

Mitchellville and while residing there did engage in the practice of his profession, and that he was so engaged when this action was commenced.

But the defendant alleges his location in said town was temporary, and the evidence shows he is now located at Des Moines, and is engaged in the practice of his profession at that place.

We do not think the contract prohibits the defendant, while located and residing in Des Moines, from practicing as a physician at Mitchellville and its vicinity, but only that he shall not reside in said town and practice his profession.

The contract, being in restraint of trade and personal liberty, should not be construed to extend beyond its fair import. If deemed necessary by appellant the decree of the Circuit Court must be modified so as to conform to this opinion.

MODIFIED AND AFFIRMED.