## BOWERS v. WHITTLE.

A person contracting not to practise or do any dentistry on his own account or by any agent within certain limits, is not restrained by injunction from working for another at the business of dentistry within the specified limits.

CLARK, J.   This is a bill in equity for an injunction. In consideration that the plaintiff would take him as a student in dentistry and pay him the sum of seventy-five dollars, the defendant agreed to become the student of the plaintiff for one year from April 22, 1880, and also agreed that he would not "practise or do any dentistry on his own account or by any agent" in the town of Hillsborough, or any town adjoining, so long as the plaintiff practises therein.   The plaintiff continues to practise in Hillsborough ; and the defendant having engaged to work for another dentist who has opened an office in the same village, the question is, whether practising dentistry for wages in the office of another dentist in Hillsborough is such a violation of the defendant's contract as entitles the plaintiff to an injunction.   Unless the conduct of the defendant is a clear violation of his agreement, the plaintiff is not entitled to an injunction.

Contracts in restraint of trade are not favored in the law, and they are not to be extended by construction beyond the fair and natural import of the language used. *Smith* v. *Gibbs*, 44 N. H. 335. Certainty is an essential element in a contract whose enforcement is sought by injunction ; and when a covenant is uncertain in its provisions, no injunction is allowed.   High Inj., *s.* 720.   " When a court of equity is called upon to enjoin a person against the exercise of a trade, the violation of the agreement ought not to be doubtful.   Hence, a merchant, who, upon selling his stock in trade and business, covenants not to carry on the same business at the same place or within certain limits, and thereupon gives up his place of business, will not be enjoined from afterward soliciting and procuring orders within the specified territory,—the question whether this constitutes a breach of the covenant being regarded as too doubtful to warrant an injunction without bringing an action."   High. Inj., *s.* 743 ; *Turner* v. *Evans*, 2 De Gex M. & G. 740.   So, where one undertakes the management of the business of a chemist, having covenanted against carrying on the same business in his own name and for his own benefit, or in the name and for the benefit of any other person, within a certain radius, under a specified penalty named by bond, and he afterwards solicits orders for another chemist within the limits specified, the effect of such conduct upon the covenant in question is regarded as too doubtful to warrant a preliminary injunction.   High Inj., *supra ; Clark* v. *Watkins*, 9 Jur. N. S. 142.

Where, upon the sale of his medical practice, a physician agreed not to "re-settle" in the same town, it was held that he was bound thereby not to again take up his residence in such town for the practise of his profession, but that he might practise in that locality while residing elsewhere. *Haldeman* v. *Simonton*, 55 Iowa 144.   So, where a woman sold a bakery, and covenanted that she would not "engage in the same business directly or indirectly" in the same place for ten years, it was held no ground for an injunc-

tion that she had built and fitted up a building suitable for her son to carry on the business. *Harkinson's Appeal*, 78 Penn. St. 196. In an action on a bond conditioned that the defendant should not travel for any porter, ale, or spirit merchant, as agent, collector, or otherwise, it was held that the condition of the bond was not broken by the defendant's entering into the service, as traveller, of a brewer. *Josselyn* v. *Parson*, L. R. 7 Exch. 127.

In *Express Co.* v. *Meserve*, 60 N. H. 198, the agreement was, "not to do any express business over any road running to a place on the line of the plaintiff's business," and it was held no infringement to act as servant and messenger of another company doing express business over such road. In *Tabor* v. *Blake*, 61 N. H. —, the condition of the bond was, that "neither of the obligors should, for themselves or either of them, open or cause to be opened a grocery, billiard saloon, or eating saloon, for trade in the village of Woodsville." It was held that conducting the business as agent for his wife was not a violation of the condition of the bond by the defendant; and that in conducting the business as servant of another he had not opened or caused to be opened a billiard and eating saloon for himself.

Upon the doctrine of these cases the injunction must be denied. It is not certain that practising or doing dentistry as the servant of another is a violation of the defendant's agreement "not to practise or do any dentistry on his own account or by any agent." It is evident that the plaintiff intended to guard against the establishment of a rival office by the defendant personally, or by any agent, and the language in this respect is explicit. Whether it occurred to him to protect himself against the defendant's practising as the servant and employé of another, is at least doubtful. If such had been the intention of the parties, it would have been easily secured by the use of language free from ambiguity or uncertainty. The uncertainty upon this point may result from the fact that it was not in the minds of the parties when the agreement was made.

*Bill dismissed.*

STANLEY, J., did not sit: the others concurred.

*S. W. Holman*, for the plaintiff.

*B. K. Webber*, for the defendant.