N. J. STREICHEN AND RAYMOND S. FARR v. L. F. FEHLEI-
SEN, Appellant.

**Contract of Partnership Not to Engage in Business:** NOT BINDING
ON PARTNERS AS INDIVIDUALS. Defendant and his brother owned
a lumber yard in partnership, which they sold to plaintiff,
and agreed to execute a contract not to start a lumber yard
in the city for three years, and in pursuance of such agree-
ment a contract was signed by both members of the firm.
*Held*, that defendant, by engaging in the prohibited business
as an individual, was not liable for a breach of the contract,
since the contract was joint, and did not prohibit the partners
from engaging in business as individuals.

JOINT AND SEVERAL CONTRACTS: *Statute construed.* Code, section
3465, authorizes an action on a joint and several contract to
be brought against any or all of the persons bound by the
contract. *Held*, that where a contract was executed by de-
fendant and his brother, as partners, not to engage in business
in a certain town, a suit cannot be maintained against defend-
ant, under Code, section 3465, for breach of such contract,
for engaging in the prohibited business as an individual, since
the partnership had not violated the contract, and the statute
had no application, as there was no breach of contract to
which it could apply.

*Appeal from Boone District Court.*—HON. S. M. WEAVER,
Judge.

SATURDAY, DECEMBER 22, 1900.

'ACTION to recover for a breach of a contract not to en-
gage in business for a specified time. Verdict and judgment
for the plaintiffs. Defendant appeals.—*Reversed.*

*Jordan & Goodykoontz* for appellant.

*Dyer & Stevens* for appellees.

SHERWIN, J.—The defendant and his brother were en-
gaged in running a lumber yard in Boone, Iowa. On the

twenty-eighth day of December, 1895, they entered into a written contract with the plaintiffs, agreeing to sell them the real estate, office, sheds, and scales of the Boone Lumber Company in Boone, Iowa, at the agreed price of $5,500. The contract contained this provision, also: "It is further agreed that the first party shall execute to second party a contract, providing for liquidated damages of $2,000, that they will not start a fourth or new lumber yard in Boone, Iowa, for the term of three years; said contract to be executed before January 20th, 1896." In pursuance of such agreement the following contract was executed by the defendant and his brother and delivered to the plaintiffs: "In consideration of and in pursuance of a contract made and entered into between the undersigned and N. J. Streichen and Raymond S. Farr, and dated December 28th, 1895, the undersigned hereby agree that they will not start a new or fourth lumber yard in the city of Boone, Boone county, Iowa, for the term of three years from January 20th, 1896, or the undersigned will pay to the said N. J. Streichen and Raymond S. Farr the sum of two thousand dollars ($2,000) as liquidated damages therefor. G. W. Fehliesen. L. F. Fehleisen." The plaintiffs took possession of the yard bought of G. W. & L. F. Fehleisen in January, 1896. In the fall of 1897 the appellant opened a new and fourth yard in Boone, in his wife's name, and now claims that the yard belonged to her, and that his connection therewith was as a manager only. The appellant also contends that the contract sued on was the joint contract of himself and G. W. Fehleisen as a partnership, and that the court erred in instructing the jury that he would be liable thereon if it found that he was the real owner of the business which he was conducting.

It will be noticed that the contract for the sale of the yard recites that the "real estate, sheds, office, and scales of the Boone Lumber Company" are to be transferred to them.

It is also provided therein that the stock of said company is to be inventoried and taken at a specified price, and the contract, as a whole, clearly discloses the fact that the plaintiffs were contracting with a partnership composed of the appellant and his brother, G. W. Fehleisen. This contract was signed: "G. W. Fehleisen. L. F. Fehleisen." But, notwithstanding the way it was signed, it stipulated only that the first party should execute a contract to not open a new yard in Boone, etc. The first party to the contract was the partnership of G. W. and L. F Fehleisen, doing business as the Boone Lumber Company, and when the contract in suit was drawn it made direct and explicit reference to the previous contract which had provided for it. It says, "In consideration of and in pursuance of a contract made and entered into between the undersigned, * * * the undersigned agree that they will not start a yard," etc. The last contract was signed in the same way as the first one, and appellees urge that it was an individual agreement not to engage in the lumber business in Boone. There can be no question as to the character of the contract for the sale of the yard and stock. Each partner held an undivided interest in all they contracted to convey and transfer, and both were charged with the obligations of the contract in its entirety. The manner of signing it could in no way change or modify these imposed obligations, because the contract itself shows what they were in fact. The interests of the defendant and his brother in the subject-matter of the contract were clearly joint, and hence, under well-settled rules, the contract was joint. 7 Am. & Eng. Enc. Law (2d ed.), 101; Lawson Contract, section 116; Parsons, Contract (6th ed.) 19; Lindley Partnership, 192; *Dumanoise v. Townsend,* 80 Mich. 302 (45 N. W. Rep. 179); Beach, Contract, section 668. The contract sued on, being to carry out the purposes of the original, must be read in connection therewith to arrive at the true intent of the parties; and, when so read and considered,

it is very plain that it is also a joint contract, and provides only that the partnership of G. W. and L. F. Fehleisen will not start a new lumber yard in Boone. If it be conceded that the defendant was the real owner of the lumber business he was conducting, was there a violation of the contract? Clearly not, for he had never agreed not to engage in the business as an individual. His contract, as a member of the partnership, was that the firm would not enter said business within the time specified. The contract might have been so drawn as to cover the individual acts of each partner, and it may have been the intention of the plaintiffs to reach such a result, but it does not do so; and the law, not favoring contracts in restraint of trade, will construe it strictly. Greenhood Public Policy, 735; *Hadleman v. Simonton,* 55 Iowa, 144. But the appellees contend that this case falls within the provisions of section 3465 of the Code, which provides that "where two or more persons are bound by contract or by judgment, decree or statute, whether jointly and severally, or severally only, the action may be brought against any or all of them." The statute is not applicable to this case, because here there is no liability anywhere. It is not claimed that the partnership of which the plaintiff purchased has violated its contract, and surely until the obligations of the contract have been broken suit may not be maintained against any one. If the partnership had broken the covenant in question, then the statute would apply, and the cases cited would be in point. The trouble with appellees' position is that they are invoking the aid of the statute to reform their contract, and this, of course, cannot be done.

We are of opinion that the court should have sustained the motion to direct a verdict for the defendant, under the contract, and the undisputed evidence that the old partnership had not again entered the lumber business. The judgment is for this reason REVERSED.