F. M. BARRON, Appellee, v. J. M. COLLENBAUGH, Appellant.

Contract not to Engage in Business: PARTNERS: *Breach.* Defendant sold his livery stable to plaintiff and F., as partners, and agreed not to re-engage in the livery business in that town while the parties of the second part were engaged in that business on the premises sold. F. assigned his interest in the contract to plaintiff, and thereafter defendant started a livery stable. *Held,* that the assignment destroyed the identity of the partnership, and the act of defendant was not in violation of his agreement.

DAMAGES: *Conclusions.* In an action for damages for an alleged breach of defendant's contract not to re-engage in the livery business in the same town with plaintiff, the admission of plaintiff's evidence as to the difference in the value of his business with and without defendant's competition was erroneous as calling for a conclusion of the witness.

Appeal: ATTACKING INSTRUCTIONS: *Requests.* Where defendant asked an instruction similar to one which was given on behalf of plaintiff, he cannot contend on appeal that plaintiff's instruction was erroneous.

*Appeal from Lyon District Court.*—HON. WILLIAM HUTCHINSON, Judge.

THURSDAY, MAY 16, 1901.

ACTION at law to recover damages for defendant's breach of a contract not to engage in the livery business at the town of Rock Rapids. Trial to a jury, verdict and judgment for plaintiff and defendant appeals.—*Reversed.*

*E. C. Roach* for appellant.

*Parsons & Riniker* and *Greenleaf & Greenleaf* for appellee.

DEEMER, J.—The contract on which the action is predicated reads as follows: "This duplicate memorandum of agreement made and entered into this 30th day of July, 1897, by and between J. M. Collenbaugh, of Rock Rapids, Iowa, party of the first part, and James Fogarty and F. M. Barron, Alvord, Iowa, parties of the second part, witnesseth, that the party of the first part, in consideration of the sum of $3,300 in hand paid by the parties of the second part, receipt whereof is hereby acknowledged, agrees to: (1) To sell and convey unto the parties of the second part the warranty deed, covenanting against all incumbrance whatsoever, the following described real estate, to-wit: Lots No. 17, 18, and 19 of block No. 14 of the platted town of Rock Rapids, Iowa. (2) To sell and convey, all and singular, the certain livery stock to the parties of the second part, now had and kept on said premises. (3) The good will and courtesy of the livery business heretofore conducted on said premises—and agrees to and with the parties of the second part, in and for the consideration above named, that he will not re-engage in the livery business in the town of Rock Rapids, Iowa, either as an individual or as an employe, during the time said parties of the second part may be engaged in said livery business on the above-named premises. In witness thereto the parties have subscribed their names and affixed their seals at Rock Rapids, Iowa, this thirtieth day of July, A. D. 1897. J. M. Collenbaugh, Party of the First Part. J. Fogarty, F. M. Barron, Par-

ties of the Second Part." On October 29, 1897, Fogarty transferred and assigned all his rights in and to the contract to plaintiff, Barron. Plaintiff claims that on or about September 1, 1897, defendant re-engaged in the livery business, contrary to and in violation of the terms of his contract. There was evidence from which the jury was justified in finding that defendant did re-engage in business, in the name of others, after executing the contract, and with that conclusion we should not interfere. In view of this evidence, the court instructed that the assignment by Fogarty carried with it a right in plaintiff to maintain an action for breach of the contract not to re-engage in business; that the contract was several, as well as joint; and that the assignment did not in any manner affect defendant's liability. These instructions are complained of, and we think the complaint is well founded. The sale was to a partnership composed of Fogarty and Barron, as parties of the second part, and the agreement was not to re-engage in the livery business during the time "said parties of the second part" may be engaged in the livery business. The plain import of the language used is that when the parties Fogarty and Barron, ceased to do business as a partnership, defendant was free to re-engage in the business. The contract, being in partial restraint of trade, is to be strictly construed. *Haldeman v. Simonton*, 55 Iowa, 144. It might have been drawn so as to protect the parties of the second part so long as either of them was engaged in the business. But, for some reason not fully explained, it was not so drafted. We must take it as we find it, and apply the rule of construction just announced in reaching a conclusion. The case seems to be ruled by *Streichen v. Fehleisen*, 112 Iowa, 612. The assignment from Fogarty to Barron does not give us any aid in arriving at a proper construction of the instrument. Had the firm of Fogarty & Barron assigned the contract, no right of action would have passed to their assignee, by reason of the peculiar reading thereof; and the assignment by one to the other

passed no right not given by the original contract itself, and, as the assignment destroyed the identity of the firm and released defendant of his obligation, there can be no recovery.

II. An instruction as to the measure of damages is complained of. As defendant asked a like instruction, he is in no position to complain. To prove the amount of damage, plaintiff was asked, while on the witness stand, the following question: "Q. Now, Mr. Barron, can you tell what would be the difference in the value of the livery business purchased by you from Mr. Collenbaugh without the competition of those other barns, running as they were, or running as they had been when you went in, and with it run as they actually were?" Objection thereto was interposed, but the objection was overruled, and the witness answered: "A. It would make a difference of from $100 to $125 a month, to take the year right through, on the profits of the business." The ruling on the objection was clearly erroneous. *Richardson v. City of Webster City,* 111 Iowa, 427. The proposition is so thoroughly considered in that case that nothing further need be said in support of our holding. For the errors pointed out the judgment is REVERSED.