MICHAEL GALUCHA, Appellee, v. CHARLES NASO, Appellant.

**Contracts in restraint of trade:** BREACH: DAMAGES: EVIDENCE. In an action for damages for breach of an agreement not to reengage in a competitive business, it is proper for plaintiff to show a reduction in the amount of his business and daily sales after defendant re-entered the business, as bearing on the question of damages, even though such evidence relates to a time subsequent to the commencement of the action.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

THURSDAY, MAY 5, 1910.

ACTION to recover damages for breach of contract. Judgment for plaintiff, and defendant appeals. The facts will be stated in the opinion.—*Affirmed.*

*F. L. Anderson* and *J. H. Preston,* for appellant.

*Redmond & Stewart* and *Frank C. Byers,* for appellee.

WEAVER, J.—Prior to September, 1907, the defendant had for some time been engaged in the retail fruit, confectionery, and tobacco business in the city of Marion, Iowa. Whether he was at all times the real proprietor of said

business or acted as the partner or agent of one Mercurio who held a bill of sale of the goods is not entirely clear, nor do we deem it very material in this case. About the date named plaintiff had negotiations with both defendant and Mercurio for the purchase of the business, and a price was agreed upon and paid. Mercurio transferred the title of the property to plaintiff, who took possession, and has since continued therein. Plaintiff alleges that defendant as a part of the same deal agreed to go out of the trade at that place, and not open up again in competition with him, but that within a month or two after said contract was made defendant reopened a retail business in the same line in plaintiff's immediate vicinty, to the injury of the plaintiff who seeks to recover damages. The defendant denies the alleged agreement. There was trial to a jury and verdict returned for plaintiff for the sum of $375. Motion for new trial being overruled, judgment was entered on the verdict, and defendant appeals.

The issue whether defendant made the agreement pleaded by the plaintiff was one of fact, and, the evidence being conflicting, the finding of the jury thereon will not be disturbed by the court. The only question seriously urged upon our attention by defendant is that the damages are excessive, and that the court erred in several respects in admitting testimony thereon, and in submitting the issue to the jury. It is first said that plaintiff was erroneously permitted to show damages which occurred after bringing suit and before trial. It appears that the action was brought in the usual manner, and being reached for trial, and no one appearing for the plaintiff, it was ordered dismissed, but was reinstated by the court on the following day. After the dismissal, a new original notice was served on the defendant of the filing of another petition. That petition was filed in the same case, and was evidently treated and considered by the court as an amendment or supplement to the original petition. With this

construction of the pleadings there was no prejudicial irregularity of error with respect to the time which plaintiff was allowed to cover in his testimony.

The appellee's criticism of the rulings and instructions of the court concerning the damages and the measure of plaintiff's recovery grows out of an apparent misconception of the theory to which the court held. The action was not brought to recover for mere loss of profits, nor do we understand the trial court to have adopted that theory. The injury of which plaintiff complained was to the value of his business, and proof of reduction in the amount done and in the daily sales after defendant re-entered business was admitted as bearing on that proposition, but not as in itself affording a measure for the recovery of damages. The rule given by the trial court to the jury was in substance the one approved by this court in *Moorehead v. Hyde,* 38 Iowa, 385. As bearing upon this question, we see no good reason why proof of the facts concerning the manner in which the business was affected by the wrongful competition even after suit was brought was not admissible. Losses in such case are not ordinarily susceptible of any mathematically exact measurement. The most that can be done is to adduce the pertinent facts and submit them to the jury to estimate and determine the sum which will afford the injured party reasonable compensation. It appears to have been fairly done in this case, the damages allowed do not seem to be excessive, and no good cause is shown why this controversy should be further prolonged.

The judgment of the district court is *affirmed.*