D. W. RAPALEE, and M. C. CARLSTROM & COMPANY, Appellants, v. JOHN MALMQUIST & SON ET AL., Appellees.

**Contracts:** RESTRAINT OF TRADE: SALE OF PARTNERSHIP BUSINESS: RE-SUMPTION OF BUSINESS BY PARTNERS. Contracts in restraint or partial restraint of trade are not favored in law and will be strictly construed. The agreement of a partnership, in part consideration for the purchase of its stock and good will, that it will not directly or indirectly engage in the same business in the same city in the future, is not binding upon the individual members of the partnership.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

THURSDAY, FEBRUARY 12, 1914.

ACTION to restrain a copartnership firm, and the individual members thereof, from engaging in the marble and monument business in Sioux City and vicinity, and for damages for alleged violation of contract not to engage in said business entered into by the said copartnership firm and the appellants.

There was a trial, at the conclusion of which the petition of plaintiffs was dismissed, and they appeal.—*Affirmed.*

*Farnsworth, Naglestad & Salinger,* for appellants.

*Henderson & Fribourg,* for appellees.

PRESTON, J.—At and prior to the time of the making of the contract in question, about January, 1905, there were three separate concerns engaged in the marble business in Sioux City. They were D. W. Rapalee, M. C. Carlstrom & Co., and John Malmquist & Son. The two first named, and who are plaintiffs herein, claimed that the other was doing a dishonorable business, because it was cutting prices, and they concluded to purchase the business of defendants. This they did, paying for the business about $2,200, each of the two concerns so purchasing paying one-half; after the purchase they divided the property.

The contract was signed by John Malmquist & Son, a partnership, the members of which were John Malmquist and John Malmquist, Jr. The purpose was to lessen competition. The evidence of plaintiffs is that there was such competition with the three that there was no money to be made, and "we were buying out Malmquist & Son to lessen that competition. It was to stop this competition."

The provisions of the contract are, in substance: "That John Malmquist & Son sells to D. W. Rapalee and M. C. Carlstrom & Company, jointly, their stock of marble and granite goods and the good will for $2,259, and that as a part of the consideration for the purchase price that said John Malmquist & Son will not directly or indirectly engage in the marble and granite business in Sioux City in the future." The firm name was signed, "John Malmquist & Son."

Authorities are cited by appellants on the general proposition that contracts of this nature are enforceable. Appellees contend that the contract does not purport to bind the in-

dividual members of the firm, and that they are not bound. Such contracts in restraint, or partial restraint, of trade are not favored, and will be strictly construed. *Haldeman v. Simonton,* 55 Iowa, 144; *Streichen v. Fehleisen,* 112 Iowa, 612.

We think this case is ruled by the *Streichen* case, *supra.* The firm or partnership did not engage in such business after the contract was executed, and that was the contract, that the firm should not do so. The contract might have been so drawn as to cover the individual acts of each partner; but it does not do so. See, also, *Barron v. Collenbaugh,* 114 Iowa, 71.

There are cases in other jurisdictions not in harmony on the question; but the holdings of this court on the subject seem to be settled. The fact that this contract provides that said John Malmquist & Son will not directly or indirectly engage in such business does not change the rule, because it is the firm which is not to engage in the business directly or indirectly.

After defendants had sold out, the senior Malmquist went away from Sioux City for two or three years, and the junior went into other business for a time, and then went away. In May, 1910, John Malmquist, Jr., commenced the monument business again. In three or four months he sold out to his brother, Charles, who conducted the business under the name of the Western Marble & Granite Works. Charles is not a party to this action. He was carrying on the business when this action was brought in April, 1912. The senior Malmquist worked for John, Jr., a part of the time at $15 per week when he worked. John, Jr., worked for Charles at a salary of $25 per week.

It is not established by the evidence that the Malmquists, or any of them, were in partnership after the execution of the contract. John, Jr., had sold out the business a year or two before this action was brought. The evidence does not show that plaintiffs were damaged. Other questions are argued; but what we have said disposes of the case.

The judgment and decree of the district court is—*Affirmed.*

LADD, C. J., and EVANS and WEAVER, JJ., concur.