C. P. Sickles et al., Appellants, v. J. W. Lauman, Appellee.

CONTRACTS: Restraint of Trade—Assignability. An agreement, in part consideration for the sale of a business, that the vendor will not, for a stated time, enter into business in the same local-

ity, in competition with the vendee, is *incident* to the property and business sold, and is *assignable* by the vendee, along with a re-sale of the business, and is enforcible by such latter assignee.

*Appeal from Buena Vista District Court.*—JAMES DELAND, Judge.

DECEMBER 14, 1918.

ACTION for equitable relief. Petition dismissed, and plaintiff appeals. The facts are stated in the opinion.— *Reversed and remanded.*

*F. F. Faville,* for appellants.

*T. H. Chapman,* for appellee.

WEAVER, J.—For a considerable period prior to the transaction hereinafter mentioned, the defendant, J. W. Lauman, was the owner and proprietor of an established business, conducting and carrying on a laundry and the work of cleaning and pressing clothes, also the business of maintaining a station for the buying and shipping of cream. On May 29, 1916, defendant entered into a written contract with one Olive I. Wright, for the sale and transfer to the latter of the business aforesaid, together with the machinery, fixtures, and equipment of every kind and character used in connection therewith, and including in such transfer a list of the customers dealing with the defendant. After describing the business and the property in a general way, the contract contains a clause in the following words:

"The first party hereby sells the good will of his business and as a part of the consideration hereof agrees that he will not directly or indirectly enter into business in Sioux Rapids, Iowa, in competition with said second party for a period of five years from the date hereof.'

The deal was completed, and the said Olive I. Wright entered into possession and control of the business so pur-,

chased by her, in June, 1916, and continued therein until
January 25, 1917; on which date, while said business, prop-
erty, and plant were still a going concern, she bargained
and sold the entire outfit, property, business, and good will
thereof, to the present plaintiffs, C. P. Sickles and Ruth
Sickles. These purchasers, when buying said property, busi-
ness, and good will, were informed and knew of the terms
of the sale from defendant to Wright, and as a part of the
purchase, they took from Wright an assignment of her con-
tract with defendant, and of all the rights acquired by her
thereunder. Such purchase having been consummated,
plaintiffs went into possession of said property and busi-
ness, since which time they have been the owners and pro-
prietors thereof, including not only the good will acquired
or attaching to the said business during the proprietorship
of their immediate assignor, but during that of her assignor
as well.

The petition in this case, after reciting the facts as
aforesaid, alleges that, since said purchase by the plain-
tiffs, the defendant, in violation of the terms of his said con-
tract and the terms of the sale of said property and good
will, has re-entered the cleaning, pressing, laundry, and
cream-buying business in the town of Sioux Rapids, and has
endeavored and is now endeavoring to re-establish such
business in competition with plaintiffs, and unless restrained
from so doing, will continue to advertise and solicit pat-
ronage and customers away from the plaintiffs, and to in-
terfere with the plaintiffs' business, and cause them irrepar-
able injury. Upon this showing, plaintiffs pray the issu-
ance of an injunction restraining defendant from further
violation of his said contract, and for general relief.

To this petition the defendant demurred, because:

1. The facts stated by the plaintiffs do not entitle
them to the relief demanded; and

2. The contract entered into by the defendant with
Wright is not assignable.

The demurrer was sustained; and, plaintiffs electing to stand upon their petition without amendment, it was dismissed, and they appeal. The correctness of the ruling as to the sufficiency of the pleading is the sole question raised by the appeal.

The position taken by the appellee in support of the ruling below is that his agreement not to re-enter business at Sioux Rapids is one of which only his immediate purchaser can take advantage; or, in other words, that the right which the first purchaser acquired under that agreement was personal to that purchaser alone, and could not be lawfully or effectually assigned or transferred to a second purchaser of the same business. This proposition is said to be justified by certain of our own decisions, no other authorities being cited or called to our attention. Of the cases so cited, *Haldeman v. Simonton*, 55 Iowa 145, does not appear to us to be in point, either in fact or in principle. There, the defendant, a physician, in selling his practice, agreed not to "re-settle" in the town of Mitchellville, and this was held not to be broad enough to prohibit his practicing his profession in that town after removing therefrom, and while living in the city of Des Moines. It is, perhaps, in point upon the proposition that contracts of this kind will be construed with care not to unduly or unreasonably extend the agreed restriction beyond the expressed or fairly implied intent of the parties; but otherwise, it affords no light upon the question before us. The decisions in *Streichen v. Fehleisen*, 112 Iowa 612, and *Rapalee v. Malmquist*, 165 Iowa 249, both turn upon the identity of the party agreeing to refrain from entering into competition with a business sold. In each case, the party making the agreement was a named partnership, only; and this was held not to operate as a restriction upon the liberty of an individual member of the firm. Somewhat in the same line is *Barron v. Collenbaugh*, 114 Iowa 71. There, the defendant sold his

livery business to Fogarty & Barron, and agreed not to re-enter the business at that place "during the time said par-ties of the second part may be engaged in said livery busi-ness on the above-named premises." Thereafter, one of the purchasers, Fogarty, sold out his interest to his partner, Barron, who continued the business individually. Collen-baugh then re-entered the livery business, in competition with Barron, who brought action for an injunction. Re-lief was denied, on the theory that the period of restric-tion was, by the express terms of the agreement, limited to the time Fogarty & Barron should continue in the business sold to them, and when Fogarty sold out or retired, the obligation of the defendant under the agreement terminated.

The precedents above cited go to the limit of strict con-struction in favor of the seller of a business entering into an agreement of this character,—further, indeed, than the writer of this opinion believes is justifiable; but none of them, either expressly or by implication, lays down the rule contended for by the appellee, that such a contract gives to a purchaser no more than a mere personal right, which he cannot assign to another to whom he, in turn, sells the business. There is, indeed, an expression in the *Barron* case to the effect that, "had the firm of Fogarty & Barron assigned the contract, no right of action would have passed to their assignee, by reason of the peculiar reading there-of." If we give proper effect to the concluding clause of that quotation, it is probably not open to material criti-cism; but in any event, it is pure dictum, for the assigna-bility of the contract was not there in question. So far as we have been able to discern, this court has never commit-ted itself to the doctrine for which the appellee contends.

As to property right in the good will of a business, and of its protection in equity, it has been said:

"The good will of a trade or business may be the sub-ject of bargain and sale, when connected with any specific

stock in trade, or with some valuable secret of trade, or with a well-established stand for business. A court of equity will decree specific performance of a contract for the sale of the good will of a trade or business." *Moorhead v. Hyde & Braden*, 38 Iowa 382.

Directly in point upon the question in this case is *Hedge, Elliott & Co. v. Lowe*, 47 Iowa 137. There, Lowe sold his business to one Vorse, by a contract which contained an agreement that he would not re-engage in the same business in the same town for a period of five years, without the consent of Vorse. Vorse sold and assigned an equal interest in the business and contract to one Hedge, and later, sold and assigned his remaining interest therein to one Elliott. Thus, the entire interest of the original purchaser in the business and good will was eliminated. Thereafter, Lowe resumed business of a like nature in the same town, and in defense to an action against him for an injunction, he raised the very objection on which appellee now relies, that the contract between him and Vorse was personal, and could not be assigned. The court held the point not well taken, saying:

"If the agreement not to engage in the agricultural business was of sufficient value to constitute, in part, an inducement to Vorse to purchase, it must be admitted that it might be of equal value to a vendee of Vorse. If Vorse, because of this agreement, was induced to purchase, no good reason can be given why Vorse should not be able to avail himself here of this agreement as a means of effecting a sale. The question here is not whether this agreement may be the subject of transfer in the abstract, but whether it may be transferred with the business to which it originally pertained" (citing *California Steam Nav. Co. v. Wright*, 6 Cal. 258, and 8 Cal. 585; *Guerand v. Dandelet*, 32 Md. 561, 569).

This decision does not appear to have been overruled,

nor do we find that its authority has ever been limited or questioned. It is also quite in line with the views expressed on the same subject by nearly all the courts. See *Francisco v. Smith,* 143 N. Y. 488 (38 N. E. 980); *Gompers v. Rochester,* 56 Pa. St. 194; *Fleckenstein v. Fleckenstein,* (N. J.) 53 Atl. 1043; *Public Opinion Pub. Co. v. Ransom,* 34 S. D. 381 (148 N. W. 841); *Diamond Match Co. v. Roeber,* 106 N. Y. 473 (13 N. E. 419); *Up River Ice Co. v. Denler,* 114 Mich. 296 (72 N. W. 157); *Haugen v. Sundseth,* 106 Minn. 129 (16 Ann. Cas. 259); *Webster v. Buss,* 61 N. H. 40; *American Ice Co. v. Meckel,* 109 App. Div. 93 (95 N. Y. Supp. 1060); *Palmer v. Toms,* 96 Wis. 367.

Sporadic instances are not wanting in which a contrary view is announced or suggested, but they are not generally recognized as authoritative precedents. The one most directly in point to that effect is *Hillman v. Shannahan,* 4 Ore. 163. It is there held that the contract, having made no reference to "the heirs and assigns" of the purchaser, must be construed as personal only, and not enforcible in the hands of his assignee. The reasoning employed is by no means persuasive, and the citation of authorities wholly omits reference to or consideration of the numerous precedents to the contrary. The presence or absence of express mention of the words "heirs and assigns" is discussed in several of the cases first above cited, and in each instance, it is held to be immaterial. Indeed, in our own leading case of *Hedge v. Lowe,* supra, the agreement was with the purchaser by name, without any express mention of heirs or assigns; and it was held to be assignable. This decision has been cited and followed in nearly all the other states where the question has come up for adjudication. In many cases, the courts go much beyond what we have had occasion to hold, and say that, even if there is no express transfer of the contract, the good will assigned by the first seller follows the business into the hands of the second pur-

chaser, without any express mention, as an incident to the business,—a rule for which many good reasons may be found. *Public Opinion Pub. Co. v. Ransom,* 34 S. D. 381 (148 N. W. 841, Ann. Cas. 1917A, 1010) ; *Parnell v. Dean* 31 Ont. 517; *Palmer v. Toms,* 96 Wis. 367; *Gompers v. Rochester,* 56 Pa. St. 194; *Didlake v. Roden Groc. Co.,* 160 Ala. 484 (18 Ann. Cas. 430) ; *Fairfield v. Lowry,* 207 Mass. 352 (93 N. E. 598). In the *Gompers* case, the court touches upon a distinction which those who deny the rule in *Hedge v. Lowe* usually overlook. It is there said that the fallacy of the argument denying the assignability of the contract is in regarding it as merely personal in character, "whereas it was alone an incident to property which they had parted with, and the business also. It would not have been binding for want of a consideration, unless as incident to the property." In the *Palmer* case, supra, the Wisconsin court, on the same subject, says:

"To determine the question, * * * the nature of the contract must be understood. It does not constitute a distinct property right, independent of the business it was designed to protect, any more than the good will itself. The purpose of the contract being to protect the property or business to which it related, it was an incident of, and adhered to, such property and business. It could not otherwise exist."

To construe such contracts as personal only, where the design to so narrow or restrict their effect is not clearly expressed, is to deprive them of much, if not most, of their value. The seller expects a better price, and the buyer is willing to pay a better price, than the business would command without it. But the business, when once purchased, is worth on the market only what the owner can reasonably hope to sell it for; and if he cannot sell it, without destroying its protection against competition by the man who created and built it up, he is quite sure to suffer loss.

To hold that the parties to a contract of sale intend such inequitable and absurd results, the language should reveal it so clearly as to place it beyond all reasonable doubt. What the defendant sold in the first instance was not only the physical property, but the established business, together with its protection for five years against competition by him. It was this property and this business, so protected, which Wright bought and owned, and, as such owner, had the right to sell, and did sell, to the plaintiffs. Though the protection existed as incident to the property and business, it was, nevertheless, a property right which the plaintiffs acquired with the property and business; and as such, the courts will recognize it, and enjoin its wrongful invasion. The defendant undertook to refrain for five years, from competition with the business sold by him, and is presumed to have received a sufficient consideration therefor; and it is but equitable that he be required to perform his agreement in good faith.

In discussion, courts sometimes indulge in the loose generality that the law does not favor contracts in restraint of trade, and therefore, an agreement by which a party undertakes not to enter a specific business in a specified city or town will be strictly construed. What the law does disfavor are contracts which unreasonably restrict the individual in his liberty of occupation and employment. But there is no public policy or rule of law which condemns or holds in disfavor a fair and reasonable agreement of this character, and such a contract is entitled to the same reasonable construction and the same effective enforcement that are accorded to business obligations in general. For an illuminating discussion of this subject, see *Diamond Match Co. v. Roeber*, 106 N. Y. 473 (13 N. E. 419).

In our opinion, the plaintiffs' petition stated a good cause of action, and the demurrer thereto should have been overruled. The ruling and judgment below are, therefore,

reversed and the cause remanded, with instructions to the trial court to overrule the demurrer, and for further proceedings not inconsistent with the views hereinbefore expressed.—*Reversed and remanded.*

PRESTON, C. J., GAYNOR and STEVENS, JJ., concur.