H. L. MILLER, Appellee, v. C. B. ELLER, Appellant.

GOOD WILL: Purchase by Nonlicensee. Equity may specifically en-
1 force a contract for the sale of the business, good will, and equipment of a dentist, even though, on the day fixed for performance, the vendee has *not been lawfully authorized to practice dentistry in this state.*

SPECIFIC PERFORMANCE: Purchase of Business by Nonlicensee.
2 Specific performance may be granted of a contract for the sale of the good will, business, and equipment of a dentist, even though, when the day of performance arrives, the vendee is not duly licensed to practice dentistry in this state.

*Appeal from Page District Court.*—THOMAS ARTHUR, Judge.

JUNE 25, 1921.

REHEARING DENIED OCTOBER 1, 1921.

ACTION in equity for the specific performance of a written contract for the sale of the business of a dentist and the personal property used in connection with said business, and for an injunction to restrain the defendant from engaging in the practice of dentistry contrary to said contract. Plaintiff was granted a decree, as prayed, and the defendant appeals.—*Affirmed.*

*Chester J. Eller, Stephens & Thornell,* and *Orr & Turner,* for appellant.

*W. E. Mitchell* and *Wilson & Keenan,* for appellee.

FAVILLE, J.—The appellant is a dentist, engaged in the practice of his profession in the city of Clarinda, Iowa, and had been so engaged for some 12 years prior to the date of the commencement of this action.  In 1919, the appellee was a student of dentistry at Creighton University, in Omaha, and expected to engage in the practice of his profession within the state of Iowa.  It was his intention to take the required examination in the state of Iowa in June, 1919.  On the 17th day of February, 1919, the appellant and appellee entered into a written contract.  The parts thereof material to the question presented in this appeal provide that the appellant was to sell to the appellee his office equipment and practice for a consideration of $2,500, $25 of which was paid in cash at the time the agreement was signed. A note for $475 was given by the appellee to the appellant, due July 15, 1919, at 6 per cent interest per annum, as provided in the contract.  It was also provided in the contract that the sum of $500 was to be paid upon taking possession, and a mortgage was to be given, due in 5 years, at 6 per cent, payable annually. The appellant, except in case of sickness, was to keep the office open and continue the business from that date until the date of possession, and the contract provided, "such date of possession being not later than July 15, 1919, or earlier at option of second party thereto."  The contract also provided for the keeping of insurance upon the premises, and contained the following provisions:

1. GOOD WILL: purchase by nonlicensee.

"First party agrees as a part of the consideration herein not to practice dentistry in Clarinda, Iowa, for a period of 25 years from date of possession given second party.

"Time is the essence of this contract, either party failing to abide by the stipulations of this contract agree to the sum of $1,000 liquidated damages."

On the date that said contract was signed, the appellee paid to appellant the sum of $25, as provided in the contract, and executed and delivered to the appellant his promissory note for $475, due July 15, 1919.

After making the contract, the appellant retained possession of the office, and continued the practice of dentistry.  On July 15, 1919, the appellee went to the office of the appellant,

and made a full and complete tender of performance of the contract on his part, and also tendered the cash, in place of the note and mortgage provided for in the contract. This offer was refused by the appellant. On the same day, to wit, July 15th, the appellant addressed a letter to the appellee, stating that he could not turn his practice over to a nonpractitioner, and offering to release the appellee from all responsibility and obligation under the contract, and to return the cash payment and note to him.

After the appellee had made a tender of full performance on his part, and on July 16th, the appellant caused to be served upon the appellee a formal notice of rescission and cancellation of said contract. Thereafter, this suit was commenced by the appellee, to enforce specific performance of said contract and to enjoin the appellant from continuing the practice of dentistry within the city of Clarinda for a period of 25 years.

I. Various questions are discussed in the submission of this case; but the appellant relies mainly upon the proposition that the appellee was not in a position to insist upon performance of the contract between the parties because, at the time of performance, to wit, July 15, 1919, the appellee was not a dental practitioner, authorized to engage in the practice of that profession under the laws of the state of Iowa.

The undisputed facts show that, at the time of entering into the contract in question, the appellee was a student of dentistry in a university in Omaha, and expected to complete his studies and to pass the examination given by the board of dental examiners of the state of Iowa in the fore part of June. Some time in May, the appellee was injured in an automobile accident, and was confined in a hospital in Omaha at the time that the examination was held by the examiners in Iowa. It was physically impossible for him to be present and take said examination at said time, because of his injuries. He was, however, released from the hospital and had completed his studies prior to the 15th day of July, at which time he tendered performance of the contract on his part. The evidence also shows that he took the examination before the dental examiners of Iowa at the next examination, which was held in October following, and duly passed said examination and became entitled to pra꜀

tice dentistry within the state of Iowa at that time. All of this occurred prior to the time of the trial of this action.

There is no doubt, under the testimony, that both parties understood that it was the intention of the appellee to pass the examination of the board of dental examiners in Iowa in June, and that he intended to purchase the appellant's practice and office equipment and take possession thereof on or before July 15th. He was prevented from passing the dental examination at that time, because of the automobile accident above referred to.

It is the appellant's contention that "it was necessary for plaintiff to be licensed to practice dentistry on or before July 15, 1919, the date of performance, in order for said business to be transferred." The appellant relies upon Sections 2600-o1 and 2600-o2 of the Code Supplement, 1913, as follows:

"2600-o1. Every person who shall practice dentistry, either personally or as proprietor, employee, or assistant, shall keep his license in open view in his operating room; and if he owns, operates or controls a dental office, where anyone other than himself is practicing dentistry, he shall also cause to be displayed, and keep in a conspicuous place at the entrance of his place of business, the name of each and every person employed by him in the practice of dentistry at that place.

"2600-o2. It shall be unlawful for any person owning, or conducting a dental office where dental work of any kind is done, or contracted for, to employ, retain, or permit any unlicensed dentist to practice dentistry in such dental office, contrary to the provisions of this act, but nothing in this act shall be construed to prevent a person not a licensed dentist from doing laboratory work."

The appellant's contention is that, inasmuch as the appellee, on July 15, 1919, had not passed the examination given by the board of dental examiners, he could not lawfully practice dentistry in the state of Iowa, and therefore could not require the appellant to sell to him his good will, business, and office fixtures.

It may be conceded that the appellee could not practice dentistry and maintain and operate a dental office until he had passed the examination provided by the statutes of Iowa. This

is a matter in which the state has an interest; but we fail to see how it concerns the appellant at all, so far as carrying out the obligations of his contract is concerned, whether the appellee had been admitted to practice or not, on the 15th day of July, 1919. The contract provided for the sale by the appellant of his practice, business, and office equipment to the appellee. There was no condition of the agreement that the appellee should be in a position to do anything except to pay the purchase price. So far as the appellant was concerned, under this contract, it could make no difference whatever to him whether the appellee practiced dentistry or not. The appellee would have a perfect right, if he saw fit so to do, to lock up the office and dispose of the office equipment, or he might sell it or rent it. He was not obligated to carry on the business a single instant after he purchased and acquired it from the appellant. He simply was to buy and pay for the business, good will, and equipment, and he could resell it or close up the office, or do as he saw fit with that which he bought. So far as the fulfillment of his contract with the appellee was concerned, it made no legal difference to the appellant whether the appellee was a dentist, a farmer, or a banker. He had a perfect right to buy the very things he contracted for, and to do with them as he chose.

If the appellee had attempted, before passing the examination given by the dental board, to practice dentistry, it would have been a matter for action by proper legal authority. But the appellant cannot refuse to perform the contract on his part merely because, at the time fixed for performance, the appellee was not yet licensed to practice. If the appellee had died, his administrator could still have enforced this contract. If the appellee had assigned the contract to another person, whether dentist or not, it could have been enforced against the appellant.

The good will of a business or a profession may be the subject of bargain and sale, when connected with any specific stock in trade or with some valuable secret of trade or with a well-established stand for business or with the practice of a profession. A court of equity will decree specific performance of a contract for the sale of the good will of such a business. *Moore-*

*head v. Hyde,* 38 Iowa 382; *Hedge, Elliott & Co. v. Lowe,* 47 Iowa 137; *Sickles v. Lauman,* 185 Iowa 37.

II. It is urged by the appellant that time was made of the essence of the written contract by its terms, and that the appellee could not recover because he had not been admitted to the practice of dentistry at that time, and therefore could not perform on his part. Time was made of the essence of the contract by its terms; but, on the date named, the appellee was ready to perform all that was required of him by the contract, and tendered full and complete performance to the appellant. This is all that the appellant could expect or had a right to require.

III. It is contended that the appellant rescinded the contract, and had a right so to do, and that, therefore, specific performance should be denied. We do not find that the appellant had any legal ground on which to base his alleged right to a rescission. It was the appellant who was in default, and not the appellee.

IV. It is contended that the contract is lacking in mutuality; that specific performance is not a matter of right; and that a court of equity was not justified in decreeing specific perform-

2. SPECIFIC PERFORMANCE: purchase of business by nonlicensee.

ance in the instant case. While the contract may not be drawn with technical legal nicety and precision, it is not lacking in mutuality, and fairly expresses the intention of the parties. In view of the subject-matter of the contract and the terms and provisions thereof, it was clearly within the well-recognized powers of a court of equity to grant specific performance of this contract, rather than to compel the parties to resort to an action for damages in a court of law. The appellee was entitled to a specific performance of the contract, and to an injunction restraining the appellant from practicing dentistry within the city of Clarinda, Iowa, for a period of 25 years, as provided in the contract.

Upon the entire record, we are satisfied that the decree of the lower court is correct, and it is in all respects—*Affirmed.*

EVANS, C. J., WEAVER, PRESTON, and STEVENS, JJ., concur.

ARTHUR, J., took no part.