ELIZABETH W. PRATT *vs.* BOSTON AND ALBANY RAILROAD
COMPANY.

Norfolk.    Jan. 23. — March 3, 1879.    COLT, J., did not sit.    AMES, J.,
absent.

If a corporation issues a certificate of shares in its capital stock, upon the surrender
of a former certificate for the same, accompanied by a transfer under a forged
power of attorney, neither the person acting under such power, nor the person
to whom the certificate is issued, is a necessary party to a bill in equity by
the true owner against the corporation to compel it to procure a like number
of shares of its capital stock, to record and issue to him a certificate thereof, and
to pay him the dividends thereon.

BILL IN EQUITY, filed February 13, 1878, alleging that on
June 14, 1869, the plaintiff purchased five shares in the capital
stock of the defendant corporation, and received a certificate for
the same, numbered 6775, which certificate the plaintiff kept
with due care; that on January 11, 1876, an instrument dated
January 8, 1876, and having on it the name of the plaintiff as
maker thereof, appointing F. W. Brown her attorney to transfer
said five shares to Spencer W. Richardson, Edward D. Adams
and William H. Hill, Jr., copartners under the name of Richard-
son, Hill & Company, was presented to the defendant, and at
the same time Brown transferred the five shares to Richardson,
Hill & Company, and surrendered the plaintiff's certificate of
stock; that, at the same time, the defendant issued a new cer-
tificate for said five shares to Richardson, Hill & Company; that,
by these transactions, the latter contended that they became the
legal owners of the five shares; that the defendant refuses to
recognize the plaintiff as the owner of said five shares, and to pay
her the dividends declared thereon ; that the plaintiff had never
assigned or transferred her five shares, or any part thereof, in the
capital stock of the defendant corporation, or appointed an at-
torney for that purpose, or in any way authorized a transfer
thereof; that she had never assigned or transferred her certifi-
cate of stock; that said certificate was not surrendered by the
plaintiff to the defendant, but on or before January 11, 1876, it
was taken from her possession and custody without her knowl-
edge or consent; that she had never made or delivered to any
one a power of attorney to transfer any of her five shares; that

the power of attorney dated January 8, 1876, appointing F. W Brown her attorney for that purpose, was not made or signed by her; and that she did not authorize any one to make or sign it, and her signature upon the same was a forgery.

The prayer of the bill was that the defendant might be ordered to procure and transfer to the plaintiff five shares of its capital stock, to issue to the plaintiff a proper and legal certificate for the same, and to make a proper and legal record of the same on its corporate books, and to pay to the plaintiff all dividends declared thereon since January 11, 1876; and for further relief.

The defendant demurred to the bill, because Brown and Richardson, Hill & Company were not made parties thereto. *Ames, J.*, overruled the demurrer; and the defendant appealed to the full court.

*G. S. Hale*, for the defendant.

*G. E. Williams*, for the plaintiff.

GRAY, C. J. The bill alleges, and the demurrer admits, that, without any negligence or any authority of the plaintiff, a certificate of five shares owned by her in the defendant corporation, having indorsed thereon a forged power of attorney to Brown to transfer the shares to Richardson, Hill & Company, was presented and surrendered by Brown to the corporation, and the shares were transferred by Brown to Richardson, Hill & Company, and that the corporation thereupon issued a new certificate for these shares to Richardson, Hill & Company, who claim to hold the same. The bill does not seek to cancel that certificate, or ask for any relief which may require a decree against Richardson, Hill & Company, or against Brown; but prays that the corporation may procure five shares of its capital stock, and record and issue to the plaintiff a certificate thereof, and pay to her the dividends thereon.

The corporation by its unauthorized and illegal act has clearly made itself liable to the plaintiff; and her right to maintain this bill against the corporation is wholly independent of the questions whether it has also made itself liable to Richardson, Hill & Company upon the new certificate, and whether it can maintain any action against them or against Brown by reason of their having obtained that certificate by means of a forged paper. It was therefore rightly held that neither of them was a necessary

party to the bill. *Pratt* v. *Taunton Copper Co.* 123 Mass. 110. *Machinists' Bank* v. *Field*, *ante*, 345. *Salisbury Mills* v. *Townsend*, 109 Mass. 115. *Loring* v. *Salisbury Mills*, 125 Mass. 138. *Telegraph Co.* v. *Davenport*, 97 U. S. 369. *Dalton* v. *Midland Railway*, 12 C. B. 458. *Duncan* v. *Luntley*, 2 Macn. & Gord. 30; *S. C.* 2 Hall & Twells, 78. *Taylor* v. *Midland Railway*, 28 Beav. 287, and 8 H. L. Cas. 751. *Decree affirmed.*