Susie E. Allyn *vs.* David L. Allyn.

Hampden.   September 24, 1891. — November 6, 1891.

Present: Allen, Holmes, Knowlton, Morton, & Barker, JJ.

*Agreement for Sale of Real Estate — Insurance — Equity —*
*Specific Performance.*

The owner of land with buildings thereon agreed with a purchaser, who was to pay for it in instalments, to give him possession of the same, and upon complete payment to convey it to him, "his heirs or assigns," and meanwhile to keep the premises insured for the purchaser's benefit, it being understood between them that insurance already procured by such owner for his own benefit fulfilled such requirement. After such possession and part payment the buildings were destroyed by fire, and the purchaser assigned all his rights under the agreement to a third person. *Held,* that no condition was to be implied that the performance of the agreement was dependent upon the continued existence of the buildings; and that the assignee could enforce its performance in equity in his own name, and recover the full value of the property destroyed up to the amount of the insurance, less any balance due such owner under the agreement.

Bill in equity, filed in the Superior Court, to enforce an agreement entered into on April 3, 1888, between the defendant, described as of Montgomery, as the party of the first part, and Charles N. Stimpson, as the party of the second part, as follows: " The party of the first part hereby agrees to sell, and the party of the second part to purchase, a certain estate, situate in said Montgomery, and bounded as follows, to wit, [here followed a description of the estate in question,] and contains about seven eighths of an acre, buildings thereon also included. Party of second part to have possession of said premises May 1st next, and to pay party of first part the sum of six hundred dollars for said described premises; and of said sum has paid fifty dollars down, and agrees to pay the sum of fifty dollars on the first day of May next, and one hundred dollars annually thereafter, till the whole sum is paid, with interest annually on the whole sum unpaid. Party of first part to keep said premises insured for the benefit of party of second part, as his interest may appear; and if party of second part leaves the house vacant at any time, he is to pay for all extra insurance, and party of second part to pay all taxes assessed on said premises. Upon the pay-

ment of all sums that shall be due, with interest as aforesaid, the party of first part hereby agrees to convey the above described premises to the said Stimpson, his heirs or assigns, by good and sufficient deed of warranty in usual form, free of all incumbrances. This agreement is a duplicate."

The bill alleged that, on April 3, 1888, Stimpson paid the defendant, pursuant to the above agreement, the sum of fifty dollars, and on May 1 following the further sum of fifty dollars; and on the date last named entered into possession of the premises described in the agreement; that after Stimpson had made improvements on the buildings during that and the following month to the value of one hundred dollars, the buildings were totally destroyed by fire on June 18, 1888, being then valued, as on April 3, 1888, at eight hundred dollars; that on March 4, 1889, Stimpson duly assigned his rights in the agreement to the plaintiff, who herself entered into possession of the premises; that the defendant had refused on demand to pay, first to Stimpson and then to the plaintiff, the difference between that sum and what was due the defendant from Stimpson, or to convey the land to either; that before April 3, 1888, the defendant had insured the buildings for eight hundred dollars, for his own benefit, for a term ending in 1891, of which Stimpson was informed when the agreement was made; that Stimpson and the plaintiff had paid all the taxes assessed on the premises since the agreement was made; and that immediately after the fire the defendant, without consulting with Stimpson and without his knowledge, adjusted the loss with the insurance company, and accepted from it as full indemnity the sum of six hundred dollars, and surrendered the policy to the company.

The prayer of the bill was that the defendant might be ordered to execute and deliver to the plaintiff a good and sufficient warranty deed of the land free of incumbrances, and to pay to her so much of said sum of eight hundred dollars as was not needed to discharge Stimpson's obligations to the defendant under the agreement.

At the hearing, before *Maynard*, J., it was admitted, in addition to the facts set out in the bill, that the defendant before the assignment by Stimpson tendered to him the difference between what Stimpson owed the defendant and the amount of

the insurance received by the defendant, which Stimpson refused to accept, but demanded the sum of two hundred dollars in addition thereto, and a deed of the land. It was admitted that the buildings made up the chief value of the premises, and that the land after the fire was only worth about fifty dollars. The judge found that, when the agreement was entered into, it was understood by the parties thereto that the insurance of eight hundred dollars already procured by the defendant sufficiently fulfilled the defendant's agreement to keep the buildings insured for the benefit of Stimpson.

The judge ordered a decree to be entered for the plaintiff, as indemnity for the loss of the buildings, not exceeding the sum of eight hundred dollars, less the balance of the purchase money due the defendant under the agreement, with interest; and the defendant appealed to this court.

*J. L. Rice*, for the plaintiff.

*H. W. Ely & C. F. Ely*, for the defendant.

MORTON, J. We think the decree in this case should be affirmed. It is evident from the agreement that the parties contracted with reference to the possibility that the buildings might be destroyed by fire. They expressly agreed as follows: " Party of first part [the defendant] to keep said premises insured for the benefit of party of second part, as his interest may appear; and if party of second part leaves the house vacant at any time, he is to pay for all extra insurance." The report states that, at the time the agreement was entered into, it was understood by the parties that the insurance of eight hundred dollars, which the defendant had procured in his own name, sufficiently fulfilled his agreement to keep the buildings insured for the benefit of Stimpson, the other party to the contract. The parties having in their contract, and by their acts, provided relative to the destruction of the buildings by fire, the happening of that event can furnish no excuse to either party for refusing to carry out the agreement. In such a state of things, no condition can be implied that the performance of the contract is dependent upon the continued existence of the buildings. The reasoning of the cases in which it has been held that both parties were excused from performance by the destruction before a breach of that which constituted an important part of the contract, but con-

cerning whose destruction there was no provision in the contract, does not apply.   See *Wells* v. *Calnan*, 107 Mass. 514.

It follows that the defendant was not relieved from the performance of his contract by the fact that the buildings had been destroyed.   That being so, it was for the plaintiff to elect whether she would pursue her remedy at law for damages for the breach of contract, or whether she would bring a bill in equity to compel performance of the contract.   *Cunningham* v. *Hall*, 4 Allen, 268.   *Woodbury* v. *Luddy*, 14 Allen, 1.   *Davis* v. *Parker*, 14 Allen, 94.   She has elected the latter, and the question is to what is she entitled from the defendant.   She is entitled in the first place to a warranty deed of the land in the usual form, free from all incumbrances, upon payment of all sums due to the defendant; that is what the agreement calls for.   She sets up in her bill that she has offered to pay what is due, or, what is the same thing, has offered to allow the defendant to retain it from the proceeds of the insurance, and we do not understand that the defendant objects to the sufficiency of her offer, or of that which Stimpson had previously made.

In the next place, upon the execution of the agreement, Stimpson, her assignor, acquired an insurable interest in the property to the extent of its full value.   *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40.   *Gilman* v. *Dwelling-House Ins. Co.* 81 Maine, 488. *McGivney* v. *Phœnix Ins. Co.* 1 Wend. 85.   *Ætna Ins. Co.* v. *Tyler*, 16 Wend. 385.   *Columbian Ins. Co.* v. *Lawrence*, 2 Pet. 25.   The contract provided that the defendant should keep the premises insured for Stimpson's benefit as his interest might appear, and at the time the agreement was entered into it was understood by Stimpson and the defendant that an insurance of eight hundred dollars, which the defendant had in his own name, sufficiently complied with the provision as to insurance in favor of Stimpson.   The defendant thenceforth held the policy for the benefit of Stimpson and his heirs or assigns, and had no right without their consent to make the settlement which he did; and he cannot now relieve himself by virtue of that settlement from liability to the plaintiff under his agreement to keep the premises insured, but is liable for the full value of the property destroyed up to eight hundred dollars, which the parties in substance agreed should be the limit of the insurance.   *Peabody* v. *Tarbell*, 2 Cush. 226.

Lastly, the defendant objects that Stimpson could not assign, without notice to the defendant, his interest in the insurance, and that the plaintiff cannot maintain any suit at law or in equity relating to the same. But it is clear that the contract and all the rights which it gave Stimpson could be assigned by him to the plaintiff, and that she can maintain a bill in equity thereon in her own name to enforce its performance, the assignment being an absolute and unconditional one, and Stimpson having no rights or liabilities in or under the contract. *Hodges* v. *Saunders*, 17 Pick. 470. *Murphy* v. *Marland*, 8 Cush. 575. *Currier* v. *Howard*, 14 Gray, 511. *Decree affirmed.*