## BRAKHAGE V. TRACY.

Plaintiff sued to enforce a contract to convey real estate.   After making the contract, the purchaser entered on the land, and constructed a house, and occupied it with his family.   A policy of insurance was taken out on the house in the name of the vendor, at his request, but the premium was paid by the purchaser.   After taking out the insurance, the purchaser's wife assumed all the liabilities of her husband, and succeeded to his rights under the contract of purchase, and while she so held the property the house was destroyed by fire.   *Held,* that the insurance money collected by the vendor was held in trust for plaintiff, and that on tendering the purchase price less the insurance she was entitled to a conveyance.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Day county.   Hon. A. W. CAMPBELL, Judge.

Suit by Dorretta Brakhage against Michael Tracy to enforce specific performance of a contract.   Decree for plaintiff, and defendant appeals.   Modified.

*Jos. Alley* and *H. H. Potter,* for appellant.
*Sears & McCoy,* for respondent.

FULLER, P. J. It appears from the record presented by this appeal from a judgment enforcing a contract to sell real property that prior to the execution of the contract in suit one of identical import existed between appellant and Fred Brakhage, the husband of respondent, covering the same premises. Subsequent to the date of the first contract, and while the husband, with his family, was occupying the land by virtue thereof, he built a dwelling house thereon at an expense of $1,350, which was destroyed by fire about five months after respondent had, by the contract made a basis of this action, assumed the former liability of her husband, and succeeded to all his rights thereunder. The consideration agreed upon for the land and mentioned in each contract being $1,250, no part of which had been paid, respondent, before the commencement of this suit, and when she demanded a deed, tendered to appellant the entire amount due, less $800, which he had collected as insurance effected in his name upon the house soon after its completion, and before the execution of respondent's contract. It appears from the evidence offered in support of the complaint that Fred Brakhage, the husband of respondent, made application for the insurance at the instance of appellant, who advanced the premium of $15 as a loan; and, the legal title being in him, the policy of insurance issued in his name, but was subsequently paid for in full with a load of flax delivered to appellant by respondent for that purpose. Under his contract for a conveyance Fred Brakhage was the equitable owner of the land when the expense of building the house was incurred, without any contribution thereto by appellant; and by the mutual agreement of all the parties, respondent, who was at all times in actual possession, with her husband, succeeded him by sub-

stitution as the vendee of the premises. Unless the insurance money collected by appellant inures to the benefit of respondent as a credit on the purchase price, she must pay the full consideration specified in the contract, and sustain the entire loss occasioned by the destruction of the building which, in equity, belonged to her at the time of the fire. While the obligation to pay for the land rested upon Fred Brakhage, the interest of appellant in the insurance policy was limited to unpaid purchase money, and by the contract here sought to be enforced he acquired no greater rights, as in equity the transaction amounts to an absolute assignment from the husband to the wife with his full knowledge and concurrence. Therefore, by entering into a contract which relieved Brakhage of all liability, and by which his interests were transferred to respondent, appellant acquired no right to apply the proceeds of the policy on the personal debts of Brakhage, nor to profit by the disaster which rendered respondent homeless. When the insurance was obtained, appellant held the policy for the benefit of himself to the extent of his interest in the land, and payment of the price agreed upon according to the terms of the contract is all he can rightfully demand. Confessedly, he entered into a valid contract to sell and convey the real estate described in the complaint for a consideration which respondent, without any default, stands ready to pay, less the amount received by him from the insurance company in settlement of a loss which she alone has sustained. As between the parties to a contract like this, the indemnity, when paid by the company, belongs to the one upon whom the loss falls; and payment of the entire amount collectible according to the contract, after allowing a credit of $800, entitles respond-

ent to the deed which appellant obligated himself to execute. Having thus alienated this improved real property by an executory contract, he became the trustee of the policy for the benefit of respondent, and in such cases failure to perform on the part of the vendee is the only condition that will relieve a vendor from the duty of executing his trust. In Gilbert v. Port, 28 Ohio St. 276, this was really the fundamental question, and the following headnote fully agrees with the principle of equity which must control this case: "As between vendor and vendee, under a valid and subsisting contract of sale of real estate, covered by a policy of insurance, where a loss insured against occurs after the date of the contract and before conveyance, the true test for determining to whom the money recovered on the policy belongs, in the absence of stipulations governing, is to determine who was the owner, and which party actually sustained the loss." Respondent being the equitable owner, and as such compelled to sustain a $1,350 loss, it certainly does not go beyond the reason of the rule to require appellant, who has not been injured, to credit her with this insurance money, and upon receipt of the balance due execute a deed in conformity with the contract of sale. Allyn v. Allyn, 154 Mass. 570, 28 N. E. 779; Insurance Co. v. Updegraff, 21 Pa. St. 513; Williams v. Lilley, 67 Conn. 50, 34 Atl. 765, 37 L. R. A. 150. Unconditional specific performance being required by the decree, and the point being made that the evidence does not sustain the finding to the effect that the tender of $630 has been kept good in the manner provided by statute, respondent should be required to pay appellant that amount at the time the deed is executed and delivered; and the judgment appealed from, thus modified, is affirmed.