, HELEN H. JENKINS *vs.* EVELYN A. ELIOT.

Suffolk. May 15, 1906. — June 21, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Equity Pleading and Practice,* Parties. *Equity Jurisdiction,* To enforce performance of negative contract. *Good Will. Contract,* Construction.

In a suit in equity by a milliner to restrain the defendant from carrying on the millinery business in Boston after having sold her good will to the plaintiff and the plaintiff's partner and agreed not to engage in the millinery business in Boston for the term of ten years, if it appears that the plaintiff and her partner after purchasing the defendant's business dissolved their copartnership and that the plaintiff's partner sold all her interest in the business to the plaintiff and made to her an absolute and unconditional assignment of it, the plaintiff's former partner need not be made a party to the suit, having no interest which could be affected by a decree therein.

In a suit in equity by a milliner to restrain the defendant from carrying on the millinery business in Boston after having sold her good will to the plaintiff and the plaintiff's partner and agreed not to engage in the millinery business in Boston for the term of ten years, it appeared that the plaintiff and her partner after purchasing the defendant's business dissolved their copartnership and that the plaintiff's partner sold all her interest in the business to the plaintiff who thereupon formed a new partnership for the purpose of carrying on the millinery business and transferred to her new partner half of her interest therein. The contract by which the defendant and the defendant's partner sold their good will to the plaintiff and the plaintiff's former partner contained a provision that if at any time before the expiration of ten years the plaintiff and her partner should cease to carry on the millinery business in Boston the defendant and her partner might at such time, if they wished, re-engage in the millinery business in Boston either jointly or separately. The defendant contended that because the plaintiff's partner sold out to the plaintiff the defendant's negative contract was at an end and she might re-engage in business. *Held,* that the

plaintiff and her former partner had not ceased to carry on the millinery business in Boston within the meaning of the contract, and that the plaintiff, having acquired all the interest of her former partner represented both that partner and herself and was entitled to enforce the contract.

LATHROP, J. This is a bill in equity, filed in the Superior Court on October 18, 1905, in which the plaintiff seeks to restrain the defendant from carrying on the millinery business in Boston, and to recover damages by reason of the carrying on of such business. The defendant filed an answer containing a demurrer. The judge of the court below found the following facts, and reserved the case on the demurrer and the facts for our consideration, leaving the question of damages for further proceedings.

The defendant and one Carolyn A. Webb, on February 9, 1905, and for a considerable time before that date, carried on a millinery business as copartners under the name of Eliot and Webb, at No. 100 Boylston Street, Boston. On that day the defendant and Webb sold to the plaintiff and one L. M. Prescott certain stock in trade and the good will of the business, handed to them a list of customers and, subject to certain conditions, agreed with them not to engage in the millinery business in Boston for the term of ten years from that date, and agreed during the term to allow them to carry on the business under the name of Eliot and Webb. The plaintiff and Prescott as copartners carried on the millinery business at the location until August 26, 1905, when they dissolved their copartnership, and Prescott sold her interest therein to the plaintiff. The plaintiff thereupon, on August 26, formed a new copartnership with one Harriet F. Dearborn for the purpose of carrying on the millinery business and transferred to Dearborn a half interest therein ; and as copartners they have since carried on the business and Prescott has not since been engaged in the millinery business in Boston. On October 12, 1905, the defendant re-engaged in the millinery business in Boston at No. 739 Boylston Street, and has since continued to carry on such business, and has sent cards to several of the persons whose names appeared in the list hereinbefore referred to.

Evidence was introduced by witnesses tending to show that persons who had formerly traded with Eliot and Webb and

thereafter had traded with Prescott and Jenkins had ceased to trade with the plaintiff and had purchased of the defendant since the sending of the cards by the defendant. The judge found as a fact that the defendant has solicited and obtained trade from persons whose names were upon the list of customers delivered by her with the bill of sale of February 9, 1905.

1. The first contention of the defendant is that Prescott should have been a party to the bill. By the agreement of August 26, 1905, between the plaintiff and Prescott, the latter sold, assigned and transferred to the plaintiff " all her right, title and interest in and to the said business, and to the furniture, fixtures and stock in trade heretofore used in said business . . . together with the good will of the business." The assignment being absolute and unconditional, and Prescott having no remaining interest which can be affected by a decree in this cause, we see no reason for making her a party. *Montague* v. *Lobdell*, 11 Cush. 111, 115. *Currier* v. *Howard*, 14 Gray, 511, 513. *Pratt* v. *Boston & Albany Railroad*, 126 Mass. 443. *Allyn* v. *Allyn*, 154 Mass. 570, 574.

2. The next contention is that the defendant had the right to re-engage in the millinery business in Boston. It appears by the agreement made at the same time as the sale that Prescott and Jenkins paid the sum of $1,500 in cash, and gave their joint and several notes, one to the defendant and one to Webb, each for the sum of $250, payable without interest on July 1, 1905. It further appears that Eliot and Webb agreed that Prescott and Jenkins " may carry on business under the name of Eliot & Webb for a period of ten years." Then follow certain conditions to be performed by Prescott and Jenkins, none of which are alleged to have been broken. The particular provision upon which the defendant relies is the following: " that if at any time prior to the expiration of said ten years, the said Prescott and Jenkins should cease to carry on the millinery business in said Boston . . . then the said Eliot and Webb may at such time, if they wish, re-engage in the millinery business in said Boston, either jointly or separately."

The defendant contends that because Prescott sold out to Jenkins, the contract is at an end, and that the defendant may re-engage in business; but we are of opinion that this is too

narrow a view to take of the agreement. The plaintiff repre-
sents both Prescott and herself. She has all the interest which
Prescott had, and is entitled to enforce it. The interlocutory
decree entered in the Superior Court is in our judgment correct,
the demurrer is overruled, and the cause is remitted to that
court for the assessment of damages.

*So ordered.*

*W. H. Preble,* for the plaintiff.
*G. Z. Adams & G. R. Blinn,* for the defendant.