TOLLEF K. HAUGEN and Another v. ANDREW SUNDSETH and Another.[1]

November 20, 1908.

Nos. 15,903—(57).

**Good Will—Its Sale.**

Good will is an advantage and benefit gained by business establishments beyond the value of the money and property invested therein, and is property in the legal sense of the term, and subject to sale in connection with the business precisely as other personal property is subject to sale.

**Same—Assignable.**

It is assignable by the purchaser, though the transfer from the original owner does not run to the purchaser, "his successors and assigns." The use of those words or their equivalent is unnecessary to confer the right of subsequent alienation.

**Construction of Contract.**

All contracts are to be construed in the light of the rules and principles of law applicable to the subject-matter of the transaction, and those rules and principles control the rights of the parties, except where the contract discloses an intention to depart therefrom.

[1] Reported in 118 N. W. 666.

106 M.—9

**Same—Sale of Good Will.**

Applying the rule stated, it is *held* that the contract in this case by which defendant transferred to plaintiffs' predecessors the good will of a furniture business in Minneapolis theretofore established by him was not intended to confer a mere personal privilege on the purchaser, but, on the contrary, to transfer the full and absolute right to the good will of the business transferred.

Action in the district court for Hennepin county to restrain defendants from conducting a retail furniture and undertaking business in the city of Minneapolis, and for damages. Upon the verified complaint and certain affidavits and the verified answers and counter affidavits an order, Frederick V. Brown, J., was granted denying an injunction against defendant the Sundseth Furniture & Undertaking Company, but granting a temporary injunction against defendant Andrew Sundseth. From this order, Andrew Sundseth appealed. Affirmed.

*John N. Berg,* for appellant.

*Arthur W. Selover* and *N. D. Bessesen,* for respondents.

BROWN, J.

This action was brought to restrain and enjoin defendants from engaging in or conducting a retail furniture and undertaking business in the city of Minneapolis, and for other relief. Plaintiffs moved the court for the issuance of a temporary injunction pending the suit, which, after hearing, was granted as to defendant Sundseth, but denied as to defendant Sundseth Furniture & Undertaking Company. Defendant Sundseth appealed.

The facts are as follows: On July 5, 1905, defendant Sundseth was, and for some time prior thereto had been, engaged in conducting the business of a retail dealer in furniture and undertaking in the city of Minneapolis. He had established a large and profitable trade, and was successfully carrying it on. On the day stated, after some negotiations, he sold out his business to Haugen & Meier, a copartnership composed of Thomas A. Haugen and John Meier, for the consideration in round numbers of $7,000 in money and the execution by Sundseth of the following contract, by which he transferred to his grantees the good will to the business and agreed not to enter into the same in said city for the term of five years thereafter:

"This agreement, made this 10th day of July, 1905, by and between Thomas A. Haugen and John Meier, copartners as Haugen and Meier, parties of the first part, and Andrew Sundseth, party of the second part.

"Witnesseth: Whereas the said parties of the first part have taken and purchased from the party of the second part the business and store of said second party in the city of Minneapolis, which said business includes the business of retailing furniture, house furnishings, stoves and ranges; and also general undertaking and embalming business; and also including the good will of said second party, in the said city of Minneapolis, in connection with said business; and whereas said first parties wish to protect the interest of said copartnership, in the conduct of said business, now

"Therefore, as a part of the consideration of said purchase and sale, the said second party hereby agrees to and with the first parties that he will not engage in the business of selling or retailing furniture, or house furnishings, stoves and ranges; or in the business of undertaking or embalming either directly or indirectly, in the city of Minneapolis for a period of five (5) years from the date of this contract; that he will not own or control any stock in any corporation engaged in said business, and will not become interested in any copartnership engaged in said business during a period of said five (5) years, and will not become an employee of any copartnership, corporation or individual engaged in said business at any time during said period of five (5) years; or will not give or lend his influence, either directly or indirectly to the support or promotion of said business.

"The term 'said business' shall include the business or businesses herein above described, and all lines of business usually carried on in connection therewith."

[Signed]    "A. Sundseth."

The transaction was completed on July 10, 1905, and Haugen & Meier then took possession of the business, and thereafter managed and conducted it until some time in March, 1906, when the firm was dissolved, and the business, including all rights under the contract above set out, sold to the plaintiffs herein, a copartnership composed of Tollef K. Haugen and John Meier, under the firm name of Haugen & Meier Company. Thereafter the defendant Sundseth Furniture &

Undertaking Company was organized and opened up a furniture and undertaking business in the neighborhood of the old stand occupied by defendant Sundseth prior to the sale to Haugen & Meier. Plaintiffs allege that this new concern was organized by defendant Sundseth using the name of his wife, and that he has controlled and conducted the same since its organization in his own interest and in violation of the contract under which he sold the good will of the business to Haugen & Meier. After the formation of that corporation, this action was brought by plaintiffs, successors of Haugen & Meier, to restrain both defendant Sundseth and the Sundseth Furniture & Undertaking Company from continuing in said business in violation of the said contract. The application for the temporary injunction was submitted to the trial court upon the pleadings and affidavits which present numerous issues or questions of fact.

Several questions are discussed in the briefs of counsel, only one of which requires special mention. By the action of the court in granting a temporary injunction against defendant Sundseth, it must be taken that the issues of fact presented by the pleadings and affidavits were resolved in favor of plaintiffs. That conclusion cannot be disturbed on this appeal; the showing made by defendants not being clearly against the view taken by the trial court. O'Brien v. Oswald, 45 Minn. 59, 47 N. W. 316; Hamilton v. Wood, 55 Minn. 482, 57 N. W. 208; Gorton v. Town of Forest City, 67 Minn. 36, 69 N. W. 478; First Nat. Bank of Mankato v. Buchan, 76 Minn. 54, 78 N. W. 878. So we come directly to the principal question involved, viz., whether defendant's contract and agreement not to enter again into the furniture business for a period of five years was assignable and passed by the dissolution of the firm of Haugen & Meier and the sale and transfer to the new firm. The only change in the copartnership was the retirement of Thomas A. Haugen; he having sold his interest to Tollef K.

It is insisted by defendant Sundseth that the rights of Haugen & Meier in and to the good will of this business did not pass to the new copartnership; for the reason that it was personal to the old firm so long as they should continue to conduct the business, and was not assignable by them to other persons. We are unable to concur in this view of the question. The good will of a business is the favor won

from the public and the probability that old customers will continue their patronage. It is an advantage and benefit that is acquired by business establishments beyond the value of the money or property invested therein, and is property in the legal sense of the term, and subject to sale and transfer in conjunction with a sale of the business, precisely as other personalty. Bradford v. Montgomery, 115 Tenn. 610, 92 S. W. 1104, 9 L. R. A. (N. S.) 979; Williams v. Wilson, 4 Sandf. Ch. 379; Musselman's Appeal, 62 Pa. St. 81, 1 Am. 382; Hitchcock v. Coker, 6 Adol. & El. 438; Pearson v. Pearson, L. R. 27 Ch. Div. 145; 19 Cent. L. J. 362. In the case at bar the good will was sold by Sundseth to the old firm of Haugen & Meier, and if subject to sale as an article of property and as an incident of the business to which it is attached, it is equally assignable by the purchaser, and the new firm acquired a good title. Tuttle v. Howe, 14 Minn. 113 (145), 100 Am. Dec. 205.

The fact that the contract in question did not run to Haugen & Meier "and their successors and assigns" does not affect the question in the least. While perhaps the use of those words or their equivalent may in instances be essential to confer the right of alienation in the grantee, their use is wholly unnecessary in a case like that at bar. But specific property or substantial property rights which survive to an executor or administrator—in which classification good will, trademarks, and trade-names must be included—may be transferred from person to person where an indefeasible title passes from the original owner without reference to the language of the different transfers. In other words, an unconditional sale of specific property to A. passes an indefeasible title and empowers him to sell and transfer to B., whether the original muniment of title ran to A. and his heirs and assigns or not. The rule applies to sales of good will. Fleckenstein v. Fleckenstein, 66 N. J. Eq. 252, 53 Atl. 1043; Swarts v. Narragansett, 26 R. I. 436, 59 Atl. 111; Salem Capital Flour Mills Co. v. Stayton Water-Ditch & Canal Co. (C. C.) 33 Fed. 146; Sheppard v. Stites, 7 N. J. L. 90, 91.

Nor was the good will in the case at bar limited by the contract, properly construed, to the original grantees Haugen & Meier, but, on the contrary, was attached to and an incident to the business transferred and passed to the new firm. Pease v. Rush, 2 Minn. 89 (107);

Churton v. Douglas, Johns. Eng. Ch. 174; Howe v. Searing, 10 Abb. Pr. 270; Hedge v. Lowe, 47 Iowa, 137; Webster v. Buss, 61 N. H. 40, 60 Am. 317; Francisco v. Smith, 143 N. Y. 488, 38 N. E. 980; Guerand v. Dandelet, 32 Md. 561, 3 Am. 164; Pemberton v. Vaughan, 10 Q. B. 87; Elves v. Crofts, 10 C. B. 241; Swanson v. Kirby, 98 Ga. 586, 26 S. E. 71; Wilmer v. Thomas, 74 Md. 485, 22 Atl. 403, 13 L. R. A. 380, and note. Of course, rights purely personal, which die with the person, cannot be assigned no matter how acquired. But all contracts are to be construed in the light of the rules and principles of law applicable to the subject-matter of the transaction, and the rights and obligations of the parties are controlled by those rules, except where the written contract discloses an intention to depart therefrom. As applicable to the transaction here before us, the good will of the Sundseth business must be taken to have been dealt with by the parties in the light of the principles of law governing rights and interests of this character, and the contract, properly construed, does not justify the conclusion that the parties intended to extend a mere personal privilege to the old firm of Haugen & Meier.

Affirmed.