[Knowles, et al. v. Jones, et al.]

# Knowles, *et al. v.* Jones, *et al.*

## Bill to Enjoin Engaging in Business.

### (Decided May 15, 1913.   62 South. 514.)

1. *Injunction; Persons Entitled; Violation of Contract.*—Where a seller covenanted not to engage in the drug business in a town for three years, and the buyers of the business and good will of the seller was succeeded by a corporation which conducted business, the good will purchased from the seller passed to the corporation, and it alone may sue to restrain the seller from re-entering the drug business in violation of the covenant, although the buyers were the sole stockholders in the corporation.

2. *Contracts; Restraint of Trade; Validity.*—The seller of the good will of a business may agree to refrain from competing with the buyers within a certain territory for a certain time, and so long as the buyer continues in business the agreement is in force, and the seller may not lawfully enter into competition, either on his own account, or as the agent and business manager of another, or as a stockholder in a corporation formed by him to compete with his buyer.

3. *Good Will; Transfer; Validity.*—An agreement by a seller of his business and good will not to compete with his buyer within a certain territory for a certain length of time is not personal, unless especially made so, but inures to the benefit of one to whom it is assigned with the business.

4. *Same; Contract; Discharge.*—Where the buyers of a drug business and the good will of the seller were succeeded by a corporation in which they were the sole stockholders, the corporation could maintain a suit restraining the seller from violating his agreement not to engage in the same business in the same town for a period of three years, although the seller had owned for a time stock in such corporation.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. L. Jones, and another, against H. A. Knowles and another, to restrain them from violating a contract not to engage in the drug business, at Samson, Ala., for a period of three years.   Decree for complainants, and respondents appeal.   Reversed and rendered.

C. D. CARMICHAEL, and ESPY & FARMER, for appellant. Complainants as individuals show no damage to themselves on the allegation of the bill in this case, but rather they show damage to a corporation; hence, if a suit is maintainable it is maintainable by the corporation only.—*Moore & H. H. Co. v. Towers H. Co.,* 87 Ala. 206; *McCurry v. Gibson,* 108 Ala. 451; *Burgess v. Armstrong,* 41 Ia. 447. No irreparable damage or injury resulting from the breach is shown.—Beach on Injunctions, sec. 428; 16 A. & E. Enc. of Law, 360; 36 Am. Dec. 508; 14 Am. Rep. 701; 89 Am. Dec. 217; 6 South. 489. If the enforcement of the contract is not reasonably necessary for the protection of a covenantee, it is invalid.—9 Cyc. 531; Clark on Contracts, 309; 66 N. E. 174; *Harris v. Theus,* 149 Ala. 133.

W. O. MULKEY, for appellee. No brief reached the Reporter.

ANDERSON, J.—This bill is filed by W. L. Jones and J. C. Johnson against H. A. Knowles and the Crystal Pharmacy Company, a corporation, to keep them or either of them from engaging in the drug business in the town of Samson, for the reason that the said complainants had purchased the good will of Knowles, who had contracted with them not to engage in the drug business in said town of Samson for three years. There is no averment that said Jones and Johnson are now in the drug business individually, but the bill alleges that they were succeeded by a corporation in which they are the sole stockholders. Therefore the good will purchased from Knowles went to their assignee or successor in business, the corporation, and it, and not these complainants individually, is the one to complain of Knowles' attempt to re-enter the drug business in the town of Samson.

[Knowles, et al. v. Jones, et al.]

It is not unusual for the seller of the good will of an established business to enter into an agreement with the buyer to refrain from entering into competition with him within specified territorial limits or for a specified time. So long as the purchaser continues in the business, and the stipulation remains in force, the vendor cannot lawfully enter into competition with him either on his own account or as the agent and business manager of another. Neither is it lawful for him to take stock in and help to arrange or manage a corporation formed to compete with the purchaser.—20 Cyc. 1280. In the case of *Kramer v. Old,* 119 N. C. 1, 25 N. E. 813, 34 L. R. A. 389, 56 Am. St. Rep. 650, it was held that neither the corporation nor those interested in it other than the vendor could be enjoined.

It also seems settled that an agreement to refrain from entering into competition with the purchaser is not personal, unless specially made so, but inures to the benefit of one to whom it is assigned with the business. —*Haugen v. Sundseth,* 106 Minn. 129, 118 N. W. 666, 16 Ann. Cas. 259. See, also, note for a full and more thorough discussion of this question. In the case of *Fleckenstein v. Fleckenstein,* 66 N. J. Eq. 252, 57 Atl. 1025, it was held that the contract by a vendor of the business not to engage in a similar businesss for a certain time within a specified territory might be assigned by the purchaser to a corporation subsequently formed by them to carry on the business, although the contract did not run to the assigns of the first purchaser. "One who sells out to a partnership and consents not to engage in a similar business in a certain place is not released from the obligation of his covenant by the fact that the partnership is dissolved and the retiring partner assigns his interest in the partnership to the continuing partner."—*Guerand v. Danelet,* 32 Md. 561, 3.

Am. Rep. 164. In the case of *Gompers v. Rochester*, 56 Pa. 194, the court held that the good will followed the business successors of the assigned vendees, and did not belong to them personally, notwithstanding they did not expressly assign same in disposing of the business; that the covenant did not attach personally to the first vendees, but was alone an incident to property which they had parted with and the business also. See, also, *Palmer v. Toms*, 96 Wis. 367, 71 N. W. 654; *Swanson v. Kirby*, 98 Ga. 586, 26 S. E. 71. This seems to be the rule also recognized by our own court in the case of *Didlake v. Roden*, 160 Ala. 486, 49 South. 384. 22 L. R. A. (N. S.) 907, 18 Ann. Cas. 430; *Smith v. Webb*, 176 Ala. 596, 58 South. 913, 40 L. R. A. (N. S.) 1191.

We are therefore of the opinion that the good will and covenant by Knowles not to engage in the drug business in Samson for three years passed into the corporation when Jones and Johnson organized same and conveyed thereto, in payment of stock subscription, the said drug business, and that the corporation, and not these individuals, is the only one that can enjoin the said Knowles from re-entering the business during the period covered by his covenant. We do not think that the fact that Knowles, the original vendor, owned for a while some stock in the Jones and Johnson corporation, which he subsequently sold, operated to° release him from his covenant not to engage in the drug business for three years in the town of Samson.—*Bradford v. Montgomery Furniture Co.*, 115 Tenn. 610, 92 S. W. 1104, 9 L. R. A. (N. S.) 979; *Ragsdale v. Nagle*, 106 Cal. 332, 39 Pac. 628.

Since this bill cannot be maintained by these complainants, but only by the corporation, it is without equity, and the injunction should have been dissolv-

[McCall v. Hall.]

ed. The decree of the chancery court is reversed, and one is here rendered dissolving the injunction.

Reversed and rendered. All the Justices concur, except Dowdell, C. J., not sitting.