## FLEISCHMAN v. RAHMSTORF.

### (Circuit Court of Appeals. Ninth Circuit. October 4, 1915.)

### No. 2574.

1. APPEAL AND ERROR ⬤⟹1011—REVIEW—FINDING.
   A finding of the trial court upon conflicting evidence is conclusive on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983-3989; Dec. Dig. ⬤⟹1011.]

2. CONTRACTS ⬤⟹54—SALE—CONSIDERATION—SUFFICIENCY.
   The sale of a stock of merchandise is sufficient consideration for an agreement not to re-engage in such business.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 233-239, 242, 243, 251, 254, 255, 291-315; Dec. Dig. ⬤⟹54.]

3. CONTRACTS ⬤⟹312—CONSTRUCTION.
   Where the seller of a stock of merchandise agreed not to re-engage in the same business, it was a breach of his contract for him to act in the capacity of manager and managing clerk of a rival business.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1279½; Dec. Dig. ⬤⟹312.]

4. DAMAGES ⬤⟹79—BREACH OF CONTRACT—LIQUIDATED DAMAGES.
   Where the seller of a stock of goods agreed not to re-engage in the same business for three years, and promised, in case of breach, to forfeit the sum of $2,000, that sum will be considered as liquidated damages and not as a penalty, for the damages would be difficult to assess, and it did not appear that they were disproportionate; the stock of goods having been sold for practically that amount.
   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 164-169; Dec. Dig. ⬤⟹79.]

In Error to the District Court of the United States for the Fourth Division of the Territory of Alaska; F. E. Fuller, Judge.

Action by Julius Rahmstorf against M. P. Fleischman. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Rahmstorf, the plaintiff, and Fleischman, the defendant, were each engaged in the general merchandise business at Rampart, Alaska. Prior to June 26, 1910, they entered into negotiations looking toward a sale of the defendant's stock of merchandise to the plaintiff and on that date the sale was consummated and the defendant executed to the plaintiff a receipt reciting: "Received from Julius Rahmstorf seventeen hundred ninety-one 15-100 dollars ($1,791.15) for a stock of merchandise, as payment in full." The goods so sold were thereupon removed from the defendant's store to the plaintiff's store. On the same day the defendant executed an instrument of which the following is a copy: "For and in consideration of the sum of one dollar to me in hand paid by Julius Rahmstorf, of Rampart, Alaska, I, M. P. Fleischman hereby agree as follows: That should I resign my position as postmaster of Rampart, Alaska, I will do so in favor of Julius Rahmstorf, provided he be eligible at the time of my resignation. I also hereby agree and promise not to engage in any way in the line of general merchandise for the next three years, that is, up to May 26, 1913, inclusive, in the city of Rampart, Alaska; and should I do so, I hereby promise to forfeit the sum of

two thousand dollars. This last clause shall have no effect should said Julius Rahmstorf discontinue business before May 26, 1913. M. P. Fleischman."

On January 11, 1913, the plaintiff commenced an action to recover from the defendant the sum of $2,000, alleging that in June, 1912, the defendant broke his contract with the plaintiff, and began conducting a business in the line of general merchandise at Rampart, which he still continued to conduct, to the plaintiff's damage in the sum of $2,000. The defendant in his answer denied that he owned or conducted a merchandise business at Rampart, and alleged that in June, 1912, one Kalning opened a general merchandise store and business there, and engaged the services of the defendant as clerk, and that since that date defendant had continued in the employment of Kalning as clerk. And the defendant alleged that his said agreement not to engage in any way in the line of general merchandise was without sufficient consideration, and void. A jury trial was waived, and the cause was tried before the court. The court found that the defendant's promise not to engage in any way in the line of general merchandise prior to May 26, 1913, in the city of Rampart was part and parcel of the transaction whereby he sold his stock of merchandise to the plaintiff, and that it was made in consideration of said sale, and that the defendant's promise to forfeit $2,000 in case of breach of the contract was an agreement to pay liquidated damages in that sum. Judgment was accordingly entered against the defendant for the sum of $2,000 and costs.

James J. Crossley, of Portland, Or., L. R. Gillette, of Fairbanks, Alaska, for plaintiff in error.

Fernand de Journel, of San Francisco, Cal., and G. B. Erwin, of Fairbanks, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] At the close of the testimony the defendant, following the practice in Alaska, moved for judgment on the pleadings and evidence, on the ground that the defendant's agreement not to engage in general merchandise business at Rampart was separate and distinct from the sale of the goods, and not related thereto, and that the defendant had not in fact violated the same, and that there was no competent evidence that the plaintiff had sustained damages. Upon the conflicting evidence the court below found as one of the facts that the sale and agreement were so united in time and purpose as to be one contract, and we must take that finding to be conclusive here. The fact that there was in this case no sale of the good will of the defendant's business is immaterial. The sale of the stock of merchandise was a good consideration for the accompanying agreement not to engage in such business. Nelson v. Brassington, 64 Wash. 180, 116 Pac. 629, Ann. Cas. 1913A, 289; Beard v. Dennis, 6 Ind. 200, 63 Am. Dec. 380. In United States v. Freight Ass'n, 166 U. S. 290, 329, 17 Sup. Ct. 540, 41 L. Ed. 1007, the court recognized the right of parties to make such a contract, with a view of—

"granting to a vendor the freest opportunity to obtain the largest consideration for the sale of that which is his own."

[3] It is urged that the act of the defendant in accepting employment as clerk for a rival store was not a breach of the agreement. But the court found that the defendant did more than merely to act

as a clerk on a salary. It found that he acted in the capacity of manager and managing clerk of the rival store. The obligation in such a case is to observe the spirit, as well as the letter, of the agreement. In 24 Am. & Eng. Enc. of Law, 859, it is said:

"A covenant not to carry on a certain trade is broken where the covenantor does so as the agent or manager or employé of another."

Decisions supporting that rule are Wilson v. Delaney, 137 Iowa, 636, 113 N. W. 842; Meyers v. Merillion, 118 Cal. 352, 50 Pac. 662; Smith v. Webb, 176 Ala. 596, 58 South. 913, 40 L. R. A. (N. S.) 1191; McAuliffe v. Vaughan, 135 Ga. 852, 70 S. E. 322, 33 L. R. A. (N. S.) 255, Ann. Cas. 1912A, 290; Kramer v. Old, 119 N. C. 1, 25 S. E. 813, 34 L. R. A. 389, 56 Am. St. Rep. 650; Finger v. Hahn, 42 N. J. Eq. 606, 8 Atl. 654; Knowles v. Jones, 182 Ala. 187, 62 South. 514.

[4] It is contended that the court below erred in construing the promise of the defendant to forfeit $2,000 in case of breach of the agreement to be a provision for the payment of liquidated damages, and it is asserted that it is an agreement for the payment of a penalty, and that upon the breach thereof the plaintiff must prove the actual damages sustained. In general, it may be said that the contracting parties are permitted to agree upon the precise amount of damages to be paid in all cases in which the damages are uncertain in their nature, or difficult to ascertain, or impossible to be estimated with certainty, and this is especially true of contracts such as that which is here under consideration. In 13 Cyc. 99, it is said:

"Where a contract has been made not to engage in any particular profession or business within stated limits, it has been the policy of the courts to construe such an agreement as liquidated damages, rather than as a penalty, in the absence of any evidence to show that the amount of damages claimed is unjust or oppressive, or that the amount claimed is disproportionate to the damages that would result from the breach or breaches of the several covenants of the agreement. While the decisions in this class of cases are usually based upon the fact that the damages are uncertain and cannot be estimated, it has also been held that, where there is a promise to pay a particular sum in case of breach, or where the payment of the sum named is the very substance of the agreement, a recovery may be had for the sum named."

In Potter v. Ahrens, 110 Cal. 681, 43 Pac. 388, the court said:

"The damages for breach of contract for the purchase of the good will of an established trade or business are so absolutely uncertain that courts have recognized the fullest liberty of parties to fix beforehand the amount of damages in that class of cases."

See, also, McCurry v. Gibson, 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177; Streeter v. Rush, 25 Cal. 67; Holbrook v. Tobey, 66 Me. 410, 22 Am. Rep. 581; Cushing v. Drew, 97 Mass. 445; Geiger v. Cawley, 146 Mich. 550, 109 N. W. 1064; Canady v. Knox, 43 Wash. 567, 86 Pac. 930; Martin v. Murphy, 129 Ind. 464, 28 N. E. 1118; Kelso v. Reid, 145 Pa. 606, 23 Atl. 323, 27 Am. St. Rep. 716; Newman v. Wolfson, 69 Ga. 764. We find nothing in the contract itself, and nothing was developed upon the pleadings or the trial, to show that the sum so agreed to be paid as damages was so unjust or

oppressive, or disproportionate to the damages sustained, as to render the case an exception to the general rule, and we are not convinced that the court below erred in ruling that the damages were liquidated by the parties.

The judgment is affirmed.