## HUBER v. MERTZ.

Ohio Appeals, 3rd Dist., Hardin Co.

No. 203. Decided June 7, 1928.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

**887. PARTIES—791. Motions & Orders.**
On motion by plaintiff to make interested person party to case where such puerson is before court at time motion is made, and authorizes plaintiff's attorney to represent him in action, such motion will be sustained.

**85. APPEAL.**
Where evidence shows that there has been breach of covenants in contract as complained of by plaintiff, plaintiff still has right to appeal from adverse judgment, notwithstanding, he has made conveyance of his interest in subject matter.

**1037. RESTRAINT OF TRADE.**
Assignee of good will has right to enforce valid and lawful covenant in restraint of trade running to successors of covenantee.

Appeal from Common Pleas.

Decree for plaintiff.

Michael B. Underwood, Ada, for Huber.
Jugo F. Chestosky, Steubenville, for Mertz.

FULL TEXT.

Before Judges Crow, Hughes and Justice.
HUGHES, J.

On the 26th day of August, 1920, defendant sold to plaintiff, his furniture, rugs and fixtures business in the Village of Ada, Ohio, as a going concern, warranting the title to the property and covenanting that it was clear of liens and incumbrances and further agreeing not to enter the furniture and rug business in or within a radius of ten miles of Ada within ten years from the date of the contract. Plaintiff took possession of the store and conducted it as a going concern, and by this suit complains of a breach of the covenant on the part of the defendant not to enter the business of furniture and rugs.

The case was tried and appealed by the defendant from a judgment against him.

During the trial it developed from the evidence, that plaintiff had sold to his brother, this same business, with an agreement with him that in the event this law suit failed and the defendant was not enjoined from a further breach of his covenant with the plaintiff, a readjustment of the consideration paid by the brother to the plaintiff would be made.

A motion was made by the defendant to dismiss the action because of this showing.

There was also a motion made by the plaintiff to make his brother a party to this action.

After due consideration, we overrule the motion of the defendant to dismiss the action, and sustain the motion of the plaintiff to make his brother a party, he being before the court at the time the motion was made, authorizing plaintiff's attorney to represent him in the action. See General Code, Section 11261.

We find from the evidence that there has been a breach of the covenant in the contract as complained of by the plaintiff, and the sole question that now remains is whether or not this action can proceed after plaintiff has made a conveyance of his interest in the store.

In the case of Wolf v. Cottington, reported in the 5 Circuit Decisions, 671, it is held that notwithstanding the conveyance of the real estate involved in the suit, by the defendant, nevertheless he had still a right to appeal from an adverse judgment. And we think this principle applies here and we hold that the plaintiff in this action still has a right to prosecute the action on appeal. In fact, the appeal in this case was made and the case was pending in this court before plaintiff had sold his interest, However, upon the same principle announced in the Wolf case above cited, the plaintiff would have a right to litigate this action here. In addition to that, however, his brother, the assignee of his interest, is now joining with him in this litigation.

In the case of Morgan v. Perhamus, 36 OS. 517, our Supreme Court has said that an assignee of the good will, has a right to enforce a valid and lawful covenant in restraint of trade running to the successors of the covenantee.

We find no case quite in point, decided by our courts, but agree with the principle announced in the case of Haugen v. Sundseth, 118 N.W. 666. Upon this principle, the plaintiff is clearly entitled to the relief prayed for.

For the reasons given, the judgment and finding is in favor of the plaintiff and against the defendant Mertz, at his costs. Injunction as prayed for, is allowed.