(122. So. 406)

### J. L. DAVIS, Inc., v. CHRISTOPHER.
### (7 Div. 884.)

Supreme Court of Alabama. May 16, 1929.

Culli, Hunt & Culli, of Gadsden, for appellee.

Inzer, Inzer & Davis, of Gadsden, for appellant.

FOSTER, J. Appellant was complainant in the circuit court, in equity, praying for an injunction of the violation of an agreement between the parties whereby appellee sold appellant his insurance agency records, furniture, and fixtures, and agreed "not to write or solicit fire, tornado or fire and theft insurance for any insurance company for a period of three years." The agreement did not confine the prohibition to any territory or locality. The general rule is that the contract should specify a reasonable territory and time. In fact such is now embraced in section 6827 of the Code. We think this section of the Code but expressed the law as theretofore settled. Crossfield v. Lokey, 212 Ala. 560, 103 So. 649; Harris v. Theus, 149 Ala. 133, 43 So. 131, 10 L. R. A. (N. S.) 204, 123 Am. St. Rep. 17; Saxon v. Parson, 206 Ala. 491, 90 So. 904; Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191; McCurry v. Gibson, 108 Ala. 451, 18 So. 806, 54 Am. St. Rep. 177.

The bill alleges that at that time respondent was soliciting fire, tornado and fire, and theft insurance within a territory including Etowah county, but largely confined to the city of Gadsden and its immediate surroundings. It is alleged that respondent was at the time of filing the bill engaged in writing or soliciting fire, tornado or fire, and theft

insurance in Etowah county in violation of said agreement.

Respondent contends first that the contract is void because it does not express the territory in which it is to operate. This court, in the case of Moore & Handley v. Towers, 87 Ala. 206, 6 So. 41, 13 Am. St. Rep. 23, pointed out that the terms of such contract will be construed in connection with attendant circumstances, and, though there is no expression in its terms of the territory embraced, the extent of such territory may be inferred from such circumstances. The same has also been held with respect to the time of its operation when not expressed. Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L. R. A. (N. S.) 1191.

We think, however, that the bill should do more than express the bare fact of the territory in which defendant was doing business. The pleader should allege the facts and circumstances justifying a statement which should be distinctly made describing the territory that was referred to in the contract, and not leave this to inference. Pleadings should do more than state facts from which inferences may be drawn. But the inference should be stated in the pleadings as a fact drawn from the circumstances alleged which are sufficient to that end; and, while the bill alleges that respondent has breached this contract, it does not allege that such breach affects complainant, for it does not show that complainant is doing business at all in that territory.

In the Moore-Handley Case, supra, the parties were competitors in business in certain territory, and a breach of the agreement to desist materially affected the trade of the other. Such is not shown here in any respect. The bill in that case alleged that the agreement was with respect to a certain defined territory. We think that the bill does not sufficiently show to what territory the contract related, nor how complainant was affected by its breach. 32 C. J. 219.

Appellant in brief makes certain statements as to the relations between it and respondent and Ford and Tinsley Insurance Agency. But such matters cannot be considered in passing on the sufficiency of the bill. It may be that the facts exist which may be alleged in an amendment which would bring the case in the influence of the Moore-Handley Hdw. Company Case, supra, but they should be alleged, for we cannot presume, nor judicially know, that they exist.

The cause was heard on demurrer to the bill and on motion to dissolve the injunction for want of equity in the bill and on the answer and affidavits. The court sustained the demurrer and dissolved the injunction. We think the injunction was properly dissolved for want of equity in the bill, in that it did not show a contract sufficient as to the territory embraced, though this defect is open to correction by amendment, if sufficient facts exist.

We will now discuss another reason which we think justifies the decree dissolving the injunction. It seems to be well settled in this as in most other jurisdictions that a covenant reasonable and definite as to territory and time entered into by the seller of a business not to engage in a similar business passes with a subsequent sale of the business, even though not expressly assigned. Knowles v. Jones, 182 Ala. 187, 62 So. 514; 32 C. J. 219; Sickles v. Lauman, 185 Iowa, 37, 169 N. W. 670, 4 A. L. R. 1073, note 1078, citing many cases including the leading one of Hedge v. Lowe, 47 Iowa, 137; Jenkins v. Eliot, 192 Mass. 474, 78 N. E. 431; Haugen v. Sundseth, 106 Minn. 129, 118 N. W. 666, 16 Ann. Cas. 259; Barber Asphalt, etc., Co. v. Brand, 55 Hun, 606, 7 N. Y. S. 744; Webster v. Buss, 61 N. H. 40, 60 Am. Rep. 317; Coker v. Richey, 104 Or. 14, 202 P. 551, 204 P. 945, 947, 22 A. L. R. 744, note 754; Scotton v. Wright, 13 Del. Ch. 214, 117 A. 131; Id., 13 Del. Ch. 402, 121 A. 69, 31 A. L. R. 1162; Public Opinion Pub. Co. v. Ransom, 34 S. D. 381, 148 N. W. 838, Ann. Cas. 1917A, 1010; 2 R. C. L. 600.

The question we have in this respect is whether the allegation in the answer to this effect was proven. Tinsley, one of the purchasers, testified by affidavit, in substance, that his firm bought from complainant certain records containing the expirations and the good will of the business which had been owned by respondent; that it was agreed that complainant would protect the purchasers in the good will of the business; that they had lost business through the activity of respondent relating to expirations shown on these records. J. L. Davis, for complainant, also testified by affidavit that a part of such books were sold to Ford and Tinsley Insurance Agency, and that in the transfer and assignment of the books which included the good will it was understood that the purchaser should be assured by complainant of the good will of the business which had been bought from respondent. There was no other evidence on this subject.

Upon the principle stated in the authorities which we have noted, this vested in the purchaser the full and exclusive right in and to the covenant of respondent which went with the good will of his business. The good will is what the respondent covenanted to respect by his agreement to refrain from this business and it was that which justified such a covenant.

The fact that complainant assured the purchasers of the enjoyment of such good will and agreed to protect them therein from the activities of the respondent under his covenant did not have the effect to reserve in complainant the ownership of such good will and restrictive covenant of respondent. It seems to be settled that the injunction which

a court of equity will issue is for the purpose of protecting the owner of the good will, and must be issued at his instance. If complainant has any real interest in it, other than its agreement to protect its purchaser, such fact is not disclosed by the evidence.

Our judgment is that appellee on the motion to dissolve the injunction sustained his burden to prove the substance of the allegation in his answer that complainant had assigned the rights upon which the complaint is predicated, and therefore (for that reason also) the court properly dissolved the injunction.

We think that decree of the circuit court should be and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.